BUFFALO BAYOU SHIP CHANNEL CO. V. ANGELA BRULY ET AL.

1. NON-JOINDER OF PARTIES.—A court of equity will not make a decree where it is evident that it cannot definitely settle the rights of the parties in interest, or make a final disposition of the subject of litigation.

2. PARTITION—PLEADING.—A bill for partition should set out the title of defendants as well as of the plaintiff, and it must appear that the parties of the suit are, among them, entitled to the entire estate; a bill showing other parties interested in the partition is defective, and a general demurrer thereto should be sustained.

3. PRACTICE.—Should the evidence on the trial show other necessary parties not before the court, the court should stop the case, and cause such other parties to be cited before decreeing partition.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Angela Bruly and her sister Augustine brought suit for partition of a lot in the city of Houston, against appellant, claiming one eighth each of said lot as heirs of their mother. It was also alleged that the lot was community of their

father and mother, and that their mother died intestate in 1849, leaving two other children still living.

Defendant demurred, and pleaded a general denial.

The demurrer was overruled, and verdict was returned for plaintiffs, each for one eighth of the lot; judgment was rendered accordingly; defendant appealed.

*Baker & Botts*, for appellant, cited Paschal *v.* Acklin, 27 Tex., 192; Burleson *v.* Burleson, 28 Tex., 383; 16 Tex., 409; 27 Tex., 454; 18 Tex., 648.

*W. P. & E. P. Hamblin*, for appellees, cited Wilkinson's Heirs *v.* Wilkinson, 20 Tex., 237; Robinson *v.* McDonald, 11 Tex., 390; Duncan *v.* Rawls, 16 Tex., 501.

MOORE, ASSOCIATE JUSTICE.—There are questions in this case of the utmost magnitude and interest, which affect, it is no exaggeration to say, the security and title of thousands of persons and estates; and, although they have in various phases been the frequent subject of discussion of this court, it cannot be said that they have as yet fully been settled upon a firm and well-considered basis, so as to avoid the necessity of further judicial discussion, if indeed this can be satisfactorily accomplished without legislative interposition. But although these questions, or some of them at least, will have to be determined before the rights of the parties to this suit can be finally adjudicated, as the case has not been presented so as to enable the court to make such a decree as will bind all the parties interested in the subject of litigation, and as the questions to which we refer have not been fully discussed by counsel and not at all by counsel for appellant,—we shall neither undertake to decide or discuss them at present.

Appellees brought suit to establish their title and have set off to them one eighth part each of a lot in the city of Houston, which they claim to have been community property of their father and mother at the death of the latter. It is

admitted in the petition and was clearly shown by the evidence that there were two other surviving children of the mother who were entitled to an equal interest in the lot with the plaintiffs, who were not made parties to the suit, and no cause for not doing so was shown.

It is a general rule in equity, subject to but few exceptions, that all persons interested in the subject-matter of the suit must be made parties to it. Ordinarily one must be made a party to a suit, or he will not be bound or concluded by the judgment. A court of equity will not make a decree where it is apparent that it cannot definitely settle the rights of the parties or make a final disposition of the subject of litigation. (Story's Eq. Plead., sec. 72.)

And where a bill is brought for partition, the plaintiff must not only state his own title, but also the title of the defendants. It must appear that the parties to the suit, among them, are entitled to the entire estate. (Agar v. Fairfax, 17 Ves. Jr., 552.) Otherwise no final and binding decree of partition can be made, even as between the parties before the court, for at any time the owner of the other interest may also sue for partition. And in such event, the former partition would be of no effect. If not, he would have to take his purpart from one or more of the several parts into which the estate had been divided, instead of from the entirety. To give any effect to the suit against him, would be to change his estate from a tenancy in common with those owning the other interest in a single tract of land, into a like estate with each of the co-tenants in as many tracts as the land may have been divided. Evidently this cannot be done by a proceeding to which he is not a party.

Though the petition was not specially excepted to on this ground, as it was apparent on its face, appellant's general demurrer should have been sustained. And even though no objection was or could have been made to the petition when in the course of the trial it became apparent that there were necessary parties who were not before the court, it should

have stopped the case and required them to be brought in before making a decree for partition.   (Story's Eq. Plead., sec. 236.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.