## W. C. WILSON v. THE STATE.

1. MARKS AND BRANDS — EVIDENCE. — To prove the ownership of a stolen steer the state offered a certified copy from the county clerk's office of the recorded mark and brand of the alleged owner. The defendant objected on the ground that the original record was better and the proper evidence. *Held*, that the objection was properly overruled.

2. OWNERSHIP — EVIDENCE. — The ownership of a stolen animal was alleged in a married woman. The defense proposed to prove that the animal was community property of the alleged owner and her husband. *Held*, that such proof was relevant and material, and it was error to exclude it.

3. SAME — CASE STATED. — The steer was stolen in January, 1875, and the excluded proof tended to show that, though increase of the married woman's separate stock, it was in existence as community property before

the Constitution of 1869 made such accretions inure to the separate estate of the owner. *Held*, that the object of the proof was proper, and material for the defense; because, if the animal was community property, the ownership was not proved as alleged, and the variance was fatal.

4. BUT it seems that, if the ownership had been in the husband, and the evidence had proved the property to belong to the community, or to the wife's separate estate, the variance would have been immaterial, and the conviction good, because the law invests the husband with the exclusive control of such property.

APPEAL from the District Court of Palo Pinto. Tried below before the Hon. J. R. FLEMING.

The certified copy of the recorded mark and brand was from the county clerk's office of Palo Pinto County.

All other facts appear in the opinion.

*Hood & McCall*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State, cited Const. 1869, art. 12, sec. 14; *Carr* v. *Tucker*, 42 Texas, 330; and *Henry* v. *The State*, 45 Texas, 84.

ECTOR, P. J. The defendant was indicted, tried, and convicted for the theft of "one steer," the property of Mrs. E. A. Taylor, and his punishment was assessed at two years' confinement in the penitentiary.

We do not think the court erred in overruling the objections of defendant to the copy of the record of the marks and brand which was offered in evidence by the state.

On the trial of the cause the defendant introduced as a witness S. S. Taylor, the husband of Mrs. E. A. Taylor, "and asked him if the steer alleged to have been stolen was not the increase of the personal property of his wife, Mrs. E. A. Taylor; to which the state objected on the grounds of irrelevancy of the testimony. The court sustained the objection and excluded the testimony, and ruled that no testimony going to show that the property was

community property by reason of its being the increase of the wife's separate personal property was admissible;" to which rulings the defendant excepted and took a bill of exceptions.

The offense was committed, if at all, about January 1, 1875, and while the Constitution of 1869 was in force; and under its provisions the increase of a stock of cattle, the separate property of the wife, is also her separate property. Const. 1869, art. 12, sec. 14.

The same rule of law would not apply as to the increase of a stock of cattle the separate property of the wife before the adoption of the Constitution of 1869. Such increase would be the community property of the husband and wife.

The evidence upon which the state principally relies for a conviction in this case is that of James Stuart, who testified that, about January 1, 1875, he saw a large hide hanging on the horse-lot fence of defendant, and in his possession, which he judged was the hide of a steer only from the size of it. He did not recollect the color of the hide. It was branded S S T, and marked with a crop and split in the right ear, and a crop off of the left.

The evidence further shows that this was the mark and brand of Mrs. E. A. Taylor, which was duly recorded on September 30, 1858. Mrs. Taylor, her husband, and her son H. G. Taylor testified that she was the owner of the stock of cattle marked and branded as above described, and that they had not sold any of said cattle to defendant, nor authorized the defendant to use the steer in question.

We believe that the court erred in sustaining the objections of the prosecution to the evidence of S. S. Taylor as shown by the bill of exceptions.

The fact that the hide which was seen by the state's witness Stuart was a very large one might have a tendency to show that the animal it came off of was an old steer. If

the steer charged to have been stolen was in existence before March 30, 1870, the date of the adoption of the Constitution of 1869 by the Congress of the United States, then the jury might reasonably conclude that it was increase of the stock of cattle branded S S T, the separate property of Mrs. Taylor, and therefore the community property of Mrs. Taylor and her husband; and, if so, under proper instructions they could not find the defendant guilty in this case, because the ownership of the property is improperly described in the indictment.

The counsel for the state insists that, if the animal stolen was really the community property of Taylor and wife, still it might properly be described in the indictment as the property of the wife, and in support of this position refers us to the case of *Quince Henry* v. *The State*, 45 Texas, 8. We have carefully examined the case cited, and we do not believe that it sustains his position.

Quince Henry was indicted for the theft of two oxen, "the property of Mrs. Mary Cobb." The testimony showed that the oxen charged to have been stolen belonged to Mrs. Cobb and the children of her deceased husband, on whose estate there had been no administration, and that they were in the possession of, and controlled by, her before the alleged theft. Our Supreme Court held it a proper charge to instruct the jury as follows: " And if the proof shows that Mrs. Cobb had the oxen in possession, and claimed and exercised acts of ownership of them, the presumption would be that she was the owner, in the absence of satisfactory proof to the contrary, and if the proof further satisfies the jury that defendant took said oxen from the possession of the owner, without her consent."

In the same case the court says: " If A and B be joint owners, and the property not in possession and control of either, and the pleader should allege that A was owner, the variance would be fatal; but, if the ownership be in A and

B, and B has actual possession and control, the pleader may allege that the property belonged to B."

If the indictment in this case had alleged that the property belonged to S. S. Taylor, and the proof had shown it to be either the separate property of the wife or the community property of the husband and wife, the variance would not be fatal. During marriage the husband has entire management of the separate property of the wife. Pasc. Dig., art. 4641.

The defendant evidently wanted to prove by S. S. Taylor that the steer alleged to have been stolen was not the separate property of Mrs. Taylor, and such proof was admissible and material matter in defense in the case at bar.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*