EMILY McKINNEY ET AL. v. S. W. MOORE.

No. 6377.

1. **Descent and Distribution.**—Before the Act of March 30, 1887, amending article 1653, Revised Statutes, if the husband or wife died leaving grandchildren and no · children the entire community estate passed to the surviving spouse.

2. **Practice—Judgment.**—A plaintiff in a suit for partition whose petition asked for partition and general relief, without alleging that the defendant is in possession or withholds possession, when the judgment is for title to an undivided interest, is not entitled to a judgment awarding a writ of possession.

3. **Partition.**—An action brought for partition abates as such on the dismissal of· the suit as to one defendant whose tenancy in common is admitted by the petition. All. parties in interest are necessary parties.

ERROR from Grayson. Tried below before Hon. Eugene Williams. The opinion states the case.

*W. W. Wilkins,* for plaintiffs in error.—In a suit for land, and espe-- cially for partition of land, all persons having an interest are necessary parties. Cartwright v. Moore, 66 Texas, 55; Burgess v. Hargrove, 64· Texas, 110.

*Hare, Edmundson & Hare,* for defendant in error.

GAINES, ASSOCIATE JUSTICE.—This suit was originally brought by the· defendant in error as plaintiff below against one A. Cartwright and the appellants to recover an undivided interest in certain tracts of land and

certain personal property alleged to be of the community estate of A. Cartwright and his deceased wife Lavinia. The plaintiff claimed title under a conveyance from certain grandchildren of Mrs. Cartwright of their interest in her community estate. In the suit as originally brought the plaintiff obtained a judgment from which an appeal was taken to this court. That judgment was reversed. The nature of the case is more fully shown by the opinion disposing of that appeal, which is reported in 66 Texas, 55. The cause having been remanded, the plaintiff dismissed his suit as to A. Cartwright, and the other defendants not having answered took judgment final by default against them. From that judgment this writ of error is prosecuted.

The petition shows the facts and does not support the judgment. Mrs. Cartwright died before the amendment of article 1653 of the Revised Satutes, passed March 30, 1887, and her grandchildren inherited no part of the estate held in common by her and her husband. Burgess v. Hargrove, 64 Texas, 110; Cartwright v. Moore, 66 Texas, 55.

It is alleged that Ellen Cartwright, a daughter of Lavinia Cartwright, died after the death of her mother, and it may be that the appellee's purchases were made after the death of that daughter, and that he thereby acquired an interest in her inheritance. If so he would have an interest, but not to the extent to which he has recovered. The facts in regard to this matter do not clearly appear by the allegations in the petition. The judgment will accordingly be reversed and cause remanded.

The petition contains the allegations appropriate to a suit for partition, and the prayer was for a partition and general relief. But it does not allege that appellants were in possession or withheld the possession from plaintiff. The judgment is for title to an undivided interest in the lands in controversy and for a writ of possession, which the allegations in the petition do not warrant against the plaintiffs in error. After the cause was dismissed against A. Cartwright the suit for partition could not be maintained because he was an admitted tenant in common with the other parties. Ship Channel Co. v. Bruly, 45 Texas, 6.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 9, 1889.