SIMPSON HOLLOWAY ET AL. V. McILHENNY CO.

No. 6673.

1.  **Parties in Partition Suit.** — That all tenants in common are indispensable parties to a suit for partition is well settled in this court.   Want of parties can not be cured by failure to take action upon it in the trial.

2.  **Useless Exhibits in Pleading.**—The setting out at length in the pleadings of either party of written instruments or documents about the construction of which no question is raised is a useless encumbrance of the record and should be discouraged. See example.

3.  **Misrecital in an Execution.**—An execution was issued in which one of the sureties on a supersedeas bond against whom judgment had been rendered on appeal was described as a surety against whom the judgment in the District Court had been rendered.   *Held*, that such recitation does not prevent the facts being proved to sustain a sale under said execution of the land of the defendant about whom the mistake was made.

4.  **Immaterial Error.**—Sustaining oral exceptions to pleas of limitation filed was error, but where the facts showed that no limitation could have run since the accrual of the cause of action such ruling was immaterial.

5.  **Execution Sale After Return Day.**—While a sale after the return day of the execution is void, still such fact will not be presumed from the fact that the sale was made after the succeeding term of the District Court began.   By Article 2282, Revised Statutes, executions may be made returnable thirty, sixty, or ninety days after issuance.

6.  **Declarations of Defendant in Execution Against Homestead.** — A witness was properly allowed to testify that the defendant in execution, a widower, had requested him (witness) to point out the former homestead for sale under the execution. This was competent upon issue of claim of homestead.

7.  **Homestead.**—A wife died before her husband.   The husband abandoned their homestead and his half was sold under execution.   *Held*, that the heirs of the wife could not defeat the right of the purchaser by showing that the parties were insolvent at wife's death.

8.  **Fees Allowed Guardian Ad Litem.**—Where the court allows compensation to a special guardian appointed to represent minor defendants it is error to tax such fees as costs upon all parties to the suit.   It should be taxed upon the property of the minors for whom the services were rendered.

APPEAL from Bosque.   Tried below before Hon. J. M. Hall.
The opinion gives a statement.

*S. H. Lumpkin*, for appellants S. Holloway et al., and *N. R. Morgan*, for minors Lizzie, Elva, and Lida Ellis. — 1.   Where a plaintiff in a suit for partition and to recover lands specially pleads its title, it is confined to the title set out in its pleadings, and if the same, together with the exhibits thereto, show no title the court should sustain the demurrer and render judgment for the defendants unless said pleadings were duly amended; and if such exhibits, as articles of corporation and copies of judgments and mandates of courts, consisting of ten pages of the record, are attached to its petition, and defendant specially excepts thereto on account of its encumbering the record and being surplusage, the trial court

should sustain the said demurrer and order said exhibits stricken out at the cost of the plaintiff. Cummins v. Denton, 1 U. C., 181; 11 Texas, 662; Turner v. Ferguson, 39 Texas, 508; Custard v. Musgrove, 47 Texas, 219; 47 Texas, 620; Rev. Stats, art. 1419; Mitchell v. Ireland, 54 Texas, 301; 2 Ct. App. C. C., sec. 221; Acts 17th Leg., p. 103; Acts 18th Leg., p. 59; Rev. Stats., art. 2282.

2. While it is true, under articles 1049 and 1057 of the Revised Statute, and as decided in Lemmel v. Pauska, 54 Texas, 505, that when the judgment of the District Court is affirmed by the Supreme Court and the mandate is filed with the district clerk, he can without any further order issue execution thereon, yet if anything is to be done, such as getting authority to issue execution against parties not known in the District Court judgment, the court below should comply with articles 1417 and 1419 of the Revised Statutes and make such order as is necessary to carry out the judgment of the appellate court; otherwise the clerks and not the judges would decide as against whom execution should issue and for what amounts, etc.

3. The court erred in its judgment in taxing the $25 attorney fee allowed N. R. Morgan for representing the minor children of Ellis, deceased, against all of the defendants in the suit as a part of the costs herein.

4. In trespass to try title to lands in Texas the plaintiff should recover upon the strength of his own title and not upon the weakness of the defendant's; and if he claims under common source by judgment, execution, and sheriff sale he must show a valid judgment against the defendant and a valid execution authorized by such judgment; and it must appear at the time of sale that the sheriff had authority to sell the defendant's land, and that the execution was then valid and subsisting and based upon a judgment of a court and not on a writ of error bond. Mitchell v. Ireland, 54 Texas, 301; 2 Ct. App. C. C., sec. 221, and authorities cited; Acts 17th Leg., p. 103; Acts 18th Leg., sec. 18, p. 59; Rev. Stats., art. 2282.

5. The court erred in overruling the defendants' exceptions and allowing, over objections of the defendants, the plaintiff to read in evidence the said sheriff's deed of date September 4, 1883, for the reason that said sheriff at the time of sale had no authority to sell the said S. Holloway's land under said execution, the same having been made returnable to the August Term of the District Court of Bosque County, Texas, 1883; and further, if said execution was based upon said mandate that it did not authorize any execution against defendant. Mitchell v. Ireland, 54 Texas, 301.

6. The homestead in an insolvent estate descends to the surviving members of the family in fee simple. Horn v. Arnold, 52 Texas, 161, and authorities cited.

7. The court erred in giving judgment for the plaintiff and in refusing to give judgment for the defendant for the 200 acres of land as a

homestead of S. Holloway and one-half of the remainder of said land. The homestead laws are enacted for the purpose of securing a home and an asylum for the support of the old, weak, and helpless members of families, to be used by them not as a prison wall but for their support and comfort, whether they occupy the same or not.   Foreman v. Merony, 62 Texas, 723; Campbell v. Elliott, 52 Texas, 151; Taylor v. Boulware, 17 Texas, 74; Reeves v. Petty, 44 Texas, 247; Kessler v. Draub, 52 Texas, 575; Jenkins v. Volz, 54 Texas, 636; Sossaman v. Powell, 21 Texas, 664; Carter v. Randolph, 47 Texas, 376; McMillan v. Warner, 38 Texas, 410; Gouhenant v. Cockrell, 20 Texas, 96; Beard v. Blum, 64 Texas, 59; Willis \. Matthews, 46 Texas, 479.

*Gillette & Murrell,* for appellee, cited Lemmel v. Pauska, 54 Texas, 505; State v. Williams, 8 Texas, 255; Wright v. Daily, 26 Texas, 731; Harris v. Hardeman, 27 Texas, 249; Johnson v. Blount, 48 Texas, 38; Davis v. Calhoun, 41 Texas, 554; Chappel v. Brooks, 33 Texas, 275; Allen v. Woodson, 60 Texas, 651; Jones v. Ford, 60 Texas, 127; Battle v. Guedry, 58 Texas, 112; Williams v. Ball, 52 Texas, 603; Hughes v. Driver, 50 Texas, 175; Haskins v. Wallet, 63 Texas, 219; Mayer v. Ramsey, 46 Texas, 371; Johnson v. Byler, 38 Texas, 606; Woolfolk v. Rickets, 41 Texas, 358; Cline v. Upton, 56 Texas, 319; Grigsby v. Caruth, 57 Texas, 259; Hughes v. Roper, 42 Texas, 116.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the appellee, a private corporation, to recover of appellants an undivided one-half interest in a tract of land described in its petition and for partition.   The plaintiff claimed under a sale of the land under execution by the sheriff of Bosque County to one Emmerson.   The land was levied upon and sold as the property of Simpson Holloway, one of appellants.   It was conveyed to him in the year 1875.   He had occupied it for many years previous to the conveyance with his wife, but she had died a few months prior to that time.   All parties to the suit seem to concede that one-half of the land belongs to her heirs.   The plaintiff recovered a judgment for one-half of the premises sued for and the heirs of Mrs. Holloway for the other half, and there was a decree for partition.

The judgment is erroneous and must be reversed.   The undisputed testimony adduced upon the trial showed that there were descendants of Mrs. Holloway who were entitled to interests in the land and who were still living that were not made parties to the suit.   That all tenants in common are indispensable parties to a suit for partition is well settled in this court.   Ship Channel Co. v. Bruly, 45 Texas, 6; McKinney v. Moore, 73 Texas, 470; Parker v. Chancellor, 73 Texas, 475.

Appellee insists that because there was no attempt in the court below to arrest the proceedings for want of necessary parties until the final judg-

ment was amended at a term subsequent to that at which the trial was had the objection comes too late. But we are of opinion that the error can not be cured by failure to take action in the trial court. A decree of partition in a suit to which one or more of the owners of the land are not parties does not affect their rights. They can not be bound by the decree, and can have it set aside in any proper proceeding in which all parties are before the court. Courts of justice do not sit to enter empty decrees, and hence will arrest a proceeding of this character for want of necessary parties at any stage of the proceedings. The rule results from the impossibility of making a binding decree without having all parties who own an interest in the land to be affected by it before the court.

Without discussing in detail the assignments of error, we will notice only such questions as may arise upon a separate trial.

It is insisted that the court should upon exception have stricken out the exhibits to plaintiff's amended original petition. These are the articles of incorporation of the plaintiff, a certified copy of the judgment of the District Court of Bosque County, and a copy of the mandate of the Supreme Court showing an affirmance of that judgment. We are of opinion that the exceptions were not sufficient to raise the question. But we take occasion to say that the setting out at length in the pleadings of either party of written instruments or documents about the construction of which no question is raised is a useless encumbrance of the record and should be discouraged. The statute provides that in pleading the existence of a corporation it shall be sufficient to allege that it is duly incorporated, and that the allegation shall be taken as true unless it be denied under oath. Sayles' Ann. Stats., art. 1190.

We see no reason why the recovery of the judgment in the District Court and the mandate and its contents could not have been sufficiently alleged without annexing copies to the petition. If all these exhibits had been excepted to as being unnecessary encumbrances of the record, we think they should have been stricken out.

The plaintiff pleaded specially its title, and alleged a misrecital in the execution under which the land in controversy was sold. According to the allegation the execution recited that a judgment had been recovered in the District Court of Bosque County in favor of one Percival against one Buffle and others as principals, and against Simpson Holloway and others as sureties, when in fact the judgment of the District Court was not against Holloway and his cosureties. They were sureties on the writ of error bond of the defendants in the District Court, and as such a judgment was rendered against them in the Supreme Court upon an affirmance of the judgment of the lower court.

It is insisted that the court below should have sustained the demurrer to the amended petition because these allegations showed that the execution was void. The object of the pleader in alleging the misrecital was doubt-

less to let in parol evidence to show the mistake; and if it appeared from the petition that that was the only recital in the execution and that there was nothing else on its face to show the true nature of the judgment against Holloway by virtue of which it purported to be issued, we should have had a very difficult question to determine.   It does not follow that because there was a false recital in the execution it may not have been made to appear that the judgment against Holloway was a judgment of affirmance in the Supreme Court.   There being a question upon the construction of the execution it would have been well to have set it out *in hæc verba* either in whole or in part; but we have papers about which there is no question copied at length and the most meagre allegations as to the execution upon which the title of the plaintiff depends.

In this connection we will say, however, that no action of the District Court was necessary in order to give the clerk authority to issue the execution.   It is expressly provided by article 1057 of the Revised Statutes that upon receipt of the mandate the clerk of the District Court shall issue execution without further order from the lower court.   This was intended to embrace, we think, not only the defendants in the original judgment, but also the sureties on a supersedeas bond against whom the judgment may have been rendered in the Supreme Court.   Lemmel v. Pauska, 54 Texas, 505.   There are cases in which the judgment can not be carried into effect without additional action in the court which rendered it.   Such are all cases in which a decree for a partition is rendered. To these cases article 1419 of the Revised Statutes applies.

The appellants complain that the court sustained an oral demurrer to their pleas of the statute of limitations.   It was irregular to strike out the pleas without written exceptions, but if the court erred the ruling was harmless.   The court did not prejudice appellants' case by disregarding these pleas.   The sale of Holloway's interest under which appellee claims was not made until September 4, 1883, and this suit was instituted in January, 1885.   There was no right of action on part of Emmerson, under whom appellee claims, until his purchase at the sheriff's sale.   The appellants could not possibly claim the benefit of the statute under these circumstances.

It is insisted that the sale was void because it was made after the return day of the execution.   If the execution was returnable to the next term of the District Court this was true and the sale was void.   The execution issued July 19, 1883, and the next term of the District Court of Bosque County may have intervened before the sale was made.   But the record does not show when the execution was made returnable.   It may have been made returnable to the next term of the court, or in thirty, sixty, or ninety days.   Rev. Stats., art. 2282.   In the absence of affirmative proof it will not be presumed that the sheriff violated his duty and sold the land after the return day.

There was no error in permitting the plaintiff to prove by one George that appellant Simpson Holloway requested the witness to point out the land described in the petition and to have it sold under execution for the payment of Percival's judgment. It was a circumstance tending to show that Holloway had abandoned the land as a homestead. The plaintiff did not offer to show an estoppel.

The appellants, the heirs of Mrs. Holloway, offered to prove that at her death her estate was insolvent, in order to make good a claim to 200 acres of the land as her homestead. The court excluded the testimony, and in so ruling committed no error. It was not shown that either she or Simpson Holloway had any title to the land at the time of her death. The mere fact that Holloway occupied the land from the year 1855 to the year 1875 with his family does not prove title in them. The acceptance of a conveyance in the latter year from Thomas H. Duval raises the presumption that at the date of the deed the grantor had the title.

The allowance of $25 made to N. R. Morgan as guardian *ad litem* of certain minor defendants was erroneously taxed as costs against all the defendants. It should have been taxed against the minors whom he represented.

The description of the execution under which appellee claims in the statement of facts is more meagre than that in the petition. Such being the case, any ruling we should make upon its validity would be in a measure conjectural. We therefore decline to pass upon the question.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 17, 1890.