## W. C. CORBETT v. PROVIDENT NATIONAL BANK.

### Decided May 23, 1900.

**1. Suit for Land—Injunction—Jurisdiction—Consolidation of Suits.**

Suit was brought in M. County for recovery of land partly in M. and partly in H. County; a second suit was brought in M. County to enjoin sale of the land by the sheriff of H. County on a judgment in favor of defendant in the first suit in a third county and against a third party; the two actions were then consolidated and tried. Held, that the second suit, being for matters which might have been set up by amendment in the first, was properly consolidated with it, and the original action of trespass to try title being within the jurisdiction of the court it had jurisdiction over the consolidated suit also.

**2. Injunction—Jurisdiction—Cloud on Title.**

The District Court of M. County had jurisdiction to enjoin execution upon a judgment of the District Court of H. County at a suit of one, not a party to that judgment, seeking to prevent a cloud upon his title to land in M. County.

**3. Judgment Lien—Assignment—Release.**

The purchaser of a judgment with lien fixed upon defendant's land by filing abstract, is not affected by a release of the lien to the judgment defendant by the plaintiff in judgment, made after the transfer and without the purchaser's consent.

APPEAL from McLennan, Nineteenth District. Tried below before Hon. MARSHALL SURRATT.

*J. B. Scarborough,* for appellant.

*Jones & Sleeper* and *J. R. Downs,* for appellee.

KEY, ASSOCIATE JUSTICE.—In this case there is no conflict in the testimony and the controlling facts are as follows: April 6, 1896, O. T. Holt recovered judgment in the District Court of Harris County against Thomas Tinsley for $7417.41, and a decree foreclosing a lien on 410 shares of stock in the Houston Cemetery Company. June 16, 1896, Holt had an abstract of his judgment filed and indexed in Hill County, thereby fixing a statutory lien on all the real estate owned by Thomas Tinsley in said county.

June 30, 1896, the Provident National Bank of Waco, at the solicitation of Tinsley, bought the Holt judgment, paying to Holt $7563.42, the full amount due thereon, and Holt, by written transfer, assigned the judgment to the bank. In pursuance of the same agreement and as a part of the same transaction, Tinsley executed his note to the bank for $8563.42, which note represented the amount paid by the bank to Holt and an additional amount advanced by the bank to Tinsley; and it was agreed and understood between Tinsley and the bank, that the note was to be secured by the Holt judgment. At the time in question, Tinsley owed the bank, including the note referred to, about $30,000.

It was further agreed as part of the same transaction, that Tinsley was to borrow from Francis Smith & Co. a sum of money to pay a debt he owed W. C. Corbett and to reduce his indebtedness to the bank. Tinsley was to secure this money by a mortgage on two tracts of land, in Hill County, and to enable him to do so, the bank agreed to waive its judgment lien in favor of the mortgagee. A formal waiver was prepared and signed by the bank; but it was not delivered to Francis Smith & Co., they having declined to make the loan to Tinsley, because they had been garnished in the suit of Corbett against Tinsley in the District Court of Harris County. In the meanwhile Tinsley, without the knowledge or consent of the bank, procured Holt to execute and deliver to him a release of the judgment above referred to. This release was dated September 6, 1896. On July 16, 1896, a mortgage from Tinsley to Francis Smith & Co. on the two tracts of land in Hill County was filed for record in that county. This was done without the knowledge, consent, or authority of the bank. On August 31, 1896, both tracts were attached by Corbett under writs of attachment issued by the District Court of Harris County. At that time the assignment of the Holt judgment to the bank had not been recorded in Hill County, but on the 23d day of September following, said assignment was filed and recorded in said county. On December 28, 1896, the bank had an order of sale issued on the Holt judgment, for the sale of the cemetery stock, and bought the same in at said sale for $1000, which was credited on the judgment. The bank then had sold under executions issued on the Holt judgment the two tracts of land in Hill County, and also the fraction thereof in McLennan County, at which sales the bank became the purchaser.

It was also shown that in addition to attaching the Hill County lands, Corbett attached a number of other surveys of land in other counties,

and the proof indicates with reasonable certainty that these other lands, over and above the incumbrances thereon, were worth considerably more than the amount of Corbett's judgment against Tinsley, which was $2848; and it is not shown by the record why Corbett has not enforced his demand against Tinsley by subjecting these other lands to sale.

On September 22, 1897, the bank filed a suit of trespass to try title against A. Wheeler and Thomas Tinsley, in which it sought to recover one of the tracts of land above mentioned, fifty acres of which is situated in McLennan County, and the remaining 360 acres in Hill County. The suit was brought in McLennan County, in which county the defendant Wheeler resided. By amendment filed December 18, 1897, W. C. Corbett and others were made parties defendant, the bank alleging that they were claiming some right to the land.

On September 4, 1898, the bank filed another suit against W. C. Corbett, Thomas Tinsley, O. T. Holt, and Tom Bell, the latter being the sheriff of Hill County, in the same court, setting out in the petition all the facts above mentioned in regard to its title to the land and the condition of the records in Hill County; and alleging that Corbett had caused an execution to issue on his judgment against Tinsley, had placed the same in the hands of the sheriff of Hill County, who was about to sell so much of the land in controversy as is situated in Hill County under said execution; and the bank prayed for an injunction restraining such sale. A temporary injunction was granted, and on October 20, 1899, on motion of the bank, the two suits were consolidated and tried. After hearing the testimony, the judge directed a verdict for the bank, which was returned and judgment entered thereon, from which judgment the defendant Corbett alone has appealed.

Corbett, who resides in Harris County, filed in the second suit a plea to the jurisdiction of the court, and the action of the court in overruling this plea is the first matter assigned as error. It is not denied that the District Court of McLennan County had jurisdiction over Corbett in the first suit,—the action of trespass to try title,—and if no error was committed in consolidating the two suits, it follows that the plea to the jurisdiction of the court was properly overruled. There is no assignment of error complaining of the action of the court in consolidating the two suits, though under the assignment charging error in overruling the jurisdictional plea, there is a proposition charging error in the consolidation of the two causes over the objection of the defendant Corbett. However, we have duly considered the question and are of the opinion that the two cases were properly consolidated.

Under our blended system of law and equity, we think the matters pleaded by the bank in the second suit might, by amendment, have been set up in the first suit; and, such being the case, the two causes were properly consolidated.

It is also contended that the court below had no jurisdiction of the subject matter embraced in the second suit; the contention being that the District Court of McLennan County was without authority to issue

an injunction to restrain the sale of land under process issued out of the District Court of Harris County. In our opinion, this position is not tenable. If the object of the bank's suit had been to modify or set aside the judgment obtained by Corbett in his suit against Tinsley in the District Court of Harris County, of course it would have been necessary for the bank to have gone into that court to obtain such relief; but Corbett's judgment did not fix a lien on or otherwise refer to the land involved in this suit. The object of the bank's second suit seems to have been to prevent the clouding of its title; and the bank, not being a party to Corbett's suit against Tinsley, we do not think it was required to seek relief in the court where Corbett had obtained his judgment.

We are also of the opinion that the court properly instructed a verdict for the bank. By the transaction between it and Tinsley and the assignment of the Holt judgment to it, it acquired Holt's prior judgment lien upon the land; and thereafter, when the land was sold under the Holt judgment, and the bank became the purchaser, it acquired title thereto superior to any right acquired by Corbett under his attachment lien of date subsequent to the Holt lien, secured by filing the abstract of the Holt judgment. Of course, Holt's subsequent attempted release of the lien secured by the filing of abstract of his judgment, being without the consent of the bank, could not and did not affect the rights of the bank.

There are other questions presented in appellant's brief, which we deem it unnecessary to advert to in this opinion. They have been duly considered, and we rule against appellant on all of them.

No error has been pointed out, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.