McDADE et al. v. VOGEL et al. (No. 6898.)

(Court of Civil Appeals of Texas. Galveston. Dec. 17, 1914. Rehearing Denied Jan. 28, 1915.)

1. PARTITION 〰46 — PARTIES — NECESSARY PARTIES.

Unless all persons having an interest in the land are parties to the suit for its partition, the judgment will not be binding on any one.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 114; Dec. Dig. 〰46.]

2. PARTITION 〰27—JURISDICTION—VENUE.

The jurisdiction of the district court of a county over a suit in partition brought by plaintiff entitled to sue in that court is unaffected by a pending suit in another county for the same relief, to which plaintiff was not made a party.

[Ed. Note.—For other cases, see Partition, Dec. Dig. 〰27; Abatement and Revival, Cent. Dig. § 105.]

3. INJUNCTION 〰143 — TEMPORARY INJUNCTION—SERVICE OF CITATION.

A temporary injunction to restrain the prosecution of a suit in another county may be granted without notice when necessary, though the injunction is not binding until service of notice of its issuance.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 315; Dec. Dig. 〰143.]

4. COURTS 〰480 — CONFLICTING JURISDICTION — STAYING PROCEEDINGS IN OTHER COURT—STATUTES.

Rev. St. 1911, art. 4653, providing that suits to enjoin the execution of a judgment or stay proceedings thereon must be brought in the court in which the judgment was rendered, does not apply to persons not parties to the suit in which the judgment was rendered, and they may sue for an injunction in another court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270-1278; Dec. Dig. 〰480.]

5. COURTS 〰480—STAYING PROCEEDINGS IN OTHER COURT—STATUTES—APPLICABILITY.

Rev. St. 1911, art. 4653, does not apply where the injunction sought is only ancillary to the main purpose of the suit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270-1278; Dec. Dig. 〰480.]

Appeal from District Court, Waller County; Sam'l J. Styles, Judge.

Action by Keet McDade and another against Ettie M. Vogel and others. From an order refusing a temporary injunction, plaintiffs appeal. Reversed and rendered.

J. D. Harvey, of Hempstead, for appellants. Stewarts, of Galveston, for appellees.

PLEASANTS, C. J. ' This appeal is from an order of the district court of Waller county refusing a temporary injunction in a suit for partition of lands brought by appellants, Keet McDade and J. D. Harvey, against appellees, Ettie M. Vogel, Pearl N. Laney, and C. H. Urban.

The following statement of facts, upon which the appeal is based, is copied from ap-

peilants' brief, and its accuracy is not questioned by appellees:

On March 18, 1914, Ettie M. Vogel and Pearl N. Laney executed and delivered a deed to defendant C. H. Urban, by which they conveyed to said C. H. Urban an undivided one-third interest in the lands in controversy, which lands lie in Harris county and Kendall county, Tex. Though not expressed on the face of said deed, such one-third interest was, as a matter of fact, vested jointly in appellants (plaintiffs and interveners) and said C. H. Urban, in the proportions alleged in interveners' plea of intervention in this suit; and by such deed the title to such one-third interest was taken in the name of said C. H. Urban, to be held in trust by him for the use and benefit of such joint owners. At the time of the execution of such deed it was known to said Ettie M. Vogel and Pearl N. Laney that interveners were thereby vested with shares in the undivided one-third interest in such land, and that C. H. Urban was, by such deed, taking title to a part of such one-third interest to hold in trust for interveners, but they did not then know of plaintiffs' share in same.

On the next day after such deed was executed, to wit, on March 19, 1914, defendant Pearl N. Laney filed suit for partition in the district court for the Tenth judicial district in Galveston county, against defendants Ettie M. Vogel (a resident of said county) and C. H. Urban, and citation was only served upon each of the defendants therein. In such suit so brought in Galveston county partition of the lands in controversy in this suit was sought, in the proportions of one-third to Pearl N. Laney, one-third to Ettie M. Vogel, and one-third to C. H. Urban. On October 6, 1914, judgment was rendered in such suit directing partition of said lands among said parties in the proportions stated above. None of the interveners and neither of the plaintiffs in this suit were parties to that suit.

On September 11, 1914, plaintiffs herein filed this suit in the district court of Waller county against Ettie M. Vogel, Pearl N. Laney, and C. H. Urban (the last named being a resident of said county), in which the said plaintiffs set up an individual one-twelfth interest in such lands and ask for partition. In their petition plaintiffs allege the several interests of defendants Ettie M. Vogel and Pearl N. Laney to be an undivided one-third interest each; the same interest asserted by each of them in said Galveston county suit. Citation was duly issued and was served on defendant Ettie M. Vogel, but was returned not served as to defendant Pearl N. Laney; she being "not found."

On October 5, 1914, in term time, the court below, upon proper motion, granted leave to interveners to file their plea of intervention herein, which was duly filed on said date, and thereupon, on the same date, an alias citation was duly issued for defendant Pearl N. Laney, citing her to appear and answer said plea of intervention as well as plaintiffs' petition.

"In their said plea of intervention the interveners, R. R. Urban and four others, allege the several undivided interests of the parties in said lands to be: One-third to defendant Ettie M. Vogel; one-third to defendant Pearl N. Laney; one-twelfth to plaintiffs; the rest being owned jointly by defendant C. H. Urban and interveners in the proportions stated in such plea.

On October 14, 1914, defendant Ettie M. Vogel filed her amended plea in abatement herein, alleging as grounds for the abatement of interveners' suit, as well as plaintiffs' suit: (a) The pendency of said suit in Galveston county, and the rendition of said judgment therein on October 6, 1914; and (b) denying that plaintiffs and interveners have any interest in said lands.

Plaintiffs and interveners, on the same day, filed reply to such amended plea in abatement, in which reply they allege, among other things,

the following matters which have not been denied by said defendants, viz.: (a) That C. H. Urban was the repository of the naked legal title to the several interests of plaintiffs and interveners in said lands, and had no control over, or power in relation to, such interest; and (b) that such denial by said defendants of the said interests of said plaintiffs and interveners was not made in good faith, but was made in the attempt to interfere with the jurisdiction of said Waller county court, and for no other purpose, by injecting an issue of title herein, with full knowledge that plaintiffs and interveners really owned interests in said land as alleged by them. The hearing of such amended plea in abatement has been continued by agreement, without prejudice, pending this appeal.

On October 13, 1914, plaintiffs and interveners applied to the judge of said court for a writ of injunction to issue against defendants Ettie M. Vogel and Pearl N. Laney, restraining them, during the pendency of this suit, from further proceeding in the said Galveston county suit, and from making, or attempting to make, either of such applicants a party to such suit.

On October 26, 1914, after a hearing and consideration of said application, and the affidavit of R. R. Urban supplementary thereto (the statements in which are by such judge found to be true), and of the response thereto of Maco Stewart, Esq., attorney of record for said Ettie M. Vogel, and as amicus curiæ, together with all the exhibits attached to such response, the judge of said court refused to issue such injunction, for the reason, as stated in such order of refusal:

"That the facts alleged and shown are insufficient in law to support a finding that the jurisdiction of this court has properly attached to the subject-matter and controversy and parties herein; but, on the contrary, they do show that the district court of the Tenth judicial district, Galveston county, acquired jurisdiction herein previous to the commencement of this suit. I therefore find that plaintiffs and interveners, because of the insufficiency of the facts alleged and shown, and the fact that the jurisdiction of said court in Galveston county has acquired exclusive jurisdiction herein, are not entitled to the injunction sought."

Upon these facts the trial court erred in refusing to grant the injunction.

[1] Plaintiffs and interveners were not parties to the Galveston county suit, and therefore are in no way bound by the judgment rendered in that suit. One of the defendants in this suit being a resident of Waller county, under section 13 of article 1830 of the Revised Statutes the suit could be brought in the district court of that county. The district court of Galveston county, by reason of the residence of Ettie M. Vogel therein, also had jurisdiction of the suit for partition brought against her and C. H. Urban by Mrs. Laney, but that jurisdiction never attached to plaintiffs and interveners herein, none of whom were named as parties in the petition therein filed. These parties having an interest in the land sought to be partitioned were necessary parties to that suit, and the judgment rendered in the suit to which they were not parties was not even binding upon the other parties to that suit. Ship Channel Co. v. Buly, 45 Tex. 8; Holloway v. McIlhenny Co., 77 Tex. 657, 14 S. W. 240. In these circumstances the well-settled principle that the first of two courts of concurrent jurisdiction which acquires jurisdiction of the par-

ties and the subject-matter of the suit becomes vested with exclusive jurisdiction to hear and determine such suit has no application. Langham v. Thomason, 5 Tex. 127; Cooper v. Mayfield, 94 Tex. 110, 58 S. W. 827; Stark v. Carroll, 66 Tex. 397, 1 S. W. 188; Watson v. Jones, 80 U. S. (13 Wall.) 715, 20 L. Ed. 666.

[2] We think it clear that the jurisdiction of the district court of Waller county to hear and determine this suit was in no way affected by the pendency of the Galveston county suit.

[3] There is no merit in appellees' contention that the court below was without jurisdiction to grant the injunction because citation had not been served upon defendant Pearl N. Laney. When necessary, a temporary injunction may be granted without notice to the defendant. While such course is not generally approved by our courts, there is nothing in the facts of this case which would justify the trial court in refusing the injunction on the ground that Mrs. Laney had not been served with citation. Of course, she would not be bound by the injunction until she was properly served with notice of its issuance.

[4] Plaintiffs and interveners not being parties to the Galveston county suit, article 4653 of our statutes, which provides, in substance, that suit to enjoin the execution of a judgment or stay proceedings thereon must be brought and tried in the court in which the judgment was rendered, does not apply. Winnie v. Grayson, 3 Tex. 429; Seeligson v. Gifford, 46 Tex. Civ. App. 566, 103 S. W. 416.

[5] This article of the statute is inapplicable for the further reason that this is not an injunction suit; the injunction being only sought as ancillary to the main purpose of the suit. Ry. Co. v. Anderson County, 150 S. W. 239.

The court below having acquired jurisdiction of the subject-matter of the suit, and all of the parties at interest being parties to the suit, with service upon Mrs. Laney, who is a resident of this state, and upon whom service can be readily obtained, a final judgment can be rendered in this suit conclusive upon all of the parties at interest and finally disposing of the subject-matter of the controversy. The judgment in the Galveston county court has not done this, and any further proceedings on that judgment must result in confusion and unnecessary costs. In these circumstances we think the orderly administration of law will be subserved by restraining the defendants from further proceedings in the Galveston county suit.

It follows that the judgment of the court below should be reversed and judgment here rendered granting the injunction as prayed for; and it has been so ordered.

Reversed and rendered.