FARRIAS et al. v. DELGADO. (No. 6147.)

(Court of Civil Appeals of Texas. San Antonio. March 5, 1919. Rehearing Denied April 2, 1919.)

1. PLEADING ⚍433(6) — AVERMENT AS TO PARTIES—WAIVER.

The requirement of Rev. St. 1911, art. 6097, that the name and residence of joint owners in partition shall be alleged, is not cured by a failure to take action upon it at the trial.

2. JUDGMENT ⚍424 — SETTING ASIDE — BILL OF REVIEW—DEFECT OF PARTIES.

A judgment of partition in favor of plaintiffs, in a suit in which there is a defect of parties, two of the persons named as plaintiffs being dead, and a necessary party not being joined, is at least voidable, and may be attacked for fraud and mistake at a subsequent term in a direct proceeding by a bill of review.

3. PARTITION ⚍64 — DISMISSAL OF SUIT —DEFECT OF PARTIES.

Where, on vacating a judgment rendered at a former term in a partition suit, for fraud or mistake owing to defect of parties, by a bill of review, the plaintiffs were given an opportunity to make proper parties and to secure and introduce their evidence, but refused to do so, the cause was properly dismissed.

4. APPEAL AND ERROR ⚍1225—BOND—PERSONS BOUND.

An appeal bond will bind the living parties who signed it, although the names of two dead parties, named as plaintiffs in instituting the suit, also appeared as signers of the bond.

5. APPEAL AND ERROR ⚍323(1)—PERSONS ENTITLED TO REVIEW—PARTIES AGGRIEVED.

Any one or more of the parties aggrieved by the judgment of a trial court may perfect his or their appeal.

Appeal from District Court, Atascosa County; Covey C. Thomas, Judge.

Suit for partition by Maria Louisa Farrias and others against Juan Delgado. Judgment for plaintiffs. From orders at a subsequent term of court, setting aside the judgment and dismissing the suit, plaintiffs appeal. Affirmed.

R. H. Ward, McCollum Burnett, and W. W. Walling, all of San Antonio, for appellants.

Walter E. Jones, of Jourdanton, and R. R. Smith, of San Antonio, for appellee.

FLY, C. J. This is an appeal from an order dismissing the cause from the docket of the trial court. The suit was filed in 1914, by Maria Louisa Farrias, Josefa Delgado, Caledonia Delgado, Juan G. Delgado, Manuel Delgado, Martin Delgado, and Jose Delgado against Juan Delgado, appellee, to recover a portion of 160 acres of land in Atascosa county, and partition the same among the plaintiffs and defendant. This information is gained from an answer filed by appellee on November 7, 1914; the petition filed in the suit not being copied into the record. On November 19, 1914, the court rendered a judgment granting a recovery to the plaintiffs, herein named, of seven-eighths of the 160-acre tract, and appointed three commissioners to divide it among the parties. On April 12, 1915, at a succeeding term to that at which the judgment was rendered, an application was filed by Juan Delgado to set aside the judgment, alleging among other grounds that two of the plaintiffs named in the petition, namely, Josefa Delgado and Manuel Delgado, were dead when the suit was filed in their name, and that Jesus Delgado, a necessary party to the partition suit, was not made a party. The court, in its order setting aside the judgment of November 19, 1914, found the following facts in its recitals:

"On this 6th day of May, 1915, coming on to be heard the application of Juan Delgado, defendant in the above entitled and numbered cause, filed herein on the 12th day of April, 1915, as amended May 3, 1915, and supplemented May 6, 1915, praying the court to set aside, annul, and vacate and amend the record of the judgment entered in said cause on the 19th day of November, 1914, adjudging and decreeing to plaintiffs herein an undivided seven-eighths interest in and to the land in controversy in said suit, and appointing commissioners to partition the same and make their report and recommendations to the present term of this court, and the court after hearing the application of defendant, and the answer of plaintiffs, by their attorney of record, and duly considering the same, finds that said judgment was granted in the absence of defendant, and defendant's counsel, and in the absence of plaintiff's original petition, and defendant's original answer (which were the only pleadings at the time filed in said cause), though a substituted copy of plaintiffs' original petition, without application to substitute or notice of substituted copy of plaintiffs' original petition, was read to the court in lieu of said pleadings, and it further appearing to the court that there are other parties claiming an interest in the lands in controversy in said suit, by deed duly of record, and by possession of parcels of said land taken, prior to the commencement of this cause of action, and that two of the named plaintiffs in said cause of action were dead long prior to the commencement of this suit, and the court is of opinion that said judgment entered herein on the 19th day of November, 1914, and which appears of rec-

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ord in volume 11, pages 344 and 345, of the minutes of this court, ought to be set aside, annulled, and vacated, and it is hereby ordered, adjudged, and decreed by the court that said judgment be and the same is hereby set aside, annulled, and vacated, and said cause set down for trial in the same manner and position as though no judgment had ever been entered herein."

Afterwards, on April 3, 1918, the court overruled a·motion by appellants to set aside the order vacating the judgment of November 19, 1914, and ordered appellants to proceed with a trial on the facts; but they declined to introduce testimony, and the cause was dismissed at their cost. From that order this appeal is prosecuted.

According to the recitals in the judgment granting a new trial in the case, the cause was tried in November, 1914, in the absence of appellee, and without the petition or answer, the only pleadings in the case, and upon an attempted substituted petition, made without an order or notice, and with two of the plaintiffs deceased before the original petition was filed, and other necessary parties not in court, either as plaintiffs or defendants. The case is appealed to this court on a bond purporting to be executed, together with others, by the two dead persons whose names were used as plaintiffs in instituting the suit. The bond is attacked, through a motion to dismiss, because it was executed in part by deceased persons. Before passing upon the validity of the bond, we will discuss the propriety and legality of the order of the court in May, 1915, in setting· aside a judgment entered by it at the term next preceding the term at which the order was entered.

[1] The statute requires that the name and residence of the joint owners in a case of partition shall be alleged. Rev. St. 1911, art. 6097. It has been held by the Supreme Court that want of parties is not cured by a failure to take action upon it at the trial. Franks v. Hancock, 1 Posey Unrep. Cas. 554; Ship Channel Co. v. Bruly, 45 Tex. 8; McKinney v. Moore, 73 Tex. 470, 11 S. W. 493; Holloway v. McIlhenny, 77 Tex. 657, 14 S. W. 240; McDade v. Vogel, 173 S. W. 506. In the Holloway-McIlhenny Case the court held:

"Appellee insists that because there was no attempt in the court below to arrest the proceedings for want of necessary parties until the final judgment was amended at a term subsequent to that at which the trial was had the objection comes too late. But we are of opinion that the error cannot be cured by failure to take action in the trial court. A decree of partition in a suit to which one or more of the owners of the land are not parties does not affect their rights. They cannot be bound by the decree, and can have it set aside in any proper proceeding in which all parties are before the court. Courts of justice do not sit to enter empty decrees, and hence will arrest a proceeding of this character for want of necessary parties at any stage of the proceedings.

The rule results from the impossibility of making a binding decree without having all parties who own an interest in the land to be affected by it before the court."

In the cited case of Ship Channel Co. v. Bruly the court said:

"It must appear that the parties to the suit, among them, are entitled to the entire estate. * * * Otherwise no final and binding decree of partition can be made, even as between the parties before the court, for at any time the owner of the other interest may also sue for partition."

In the case of Moore v. Summerville, 80 Miss. 323, 31 South. 793, 32 South. 294, it was held by the Supreme Court of Mississippi that the failure to have a party at interest summoned in a partition suit rendered the judgment void and it could be attacked by a bill of review.

In the case of Oneal v. Stimson, 61 W. Va. 551, 56 S. E. 889, the Supreme Court of West Virginia held:

"Where a judgment of partition and sale was rendered without all the parties in interest being parties to the suit of partition, said judgment is an absolute nullity, and the sale made under it is also null and void"

—the language being quoted and adopted from the case of Succession of Ernest Poree, 27 La. Ann. 463.

[2] The motion filed by appellee at the April term, 1915, of the district court, was in the nature of a bill of review, and the bill was not attacked for insufficiency, and the order setting aside the judgment was granted, and after the cause had been continued from term to term until April, 1918, appellants filed their motion to set aside the order made in April, 1915. The judgment of partition was, if not null and void, at least voidable, and could be attacked through a bill of review. This is a direct proceeding to set aside the judgment rendered at a former term for fraud or mistake, and it fully invoked the equitable powers of the court. That such a proceeding is permissible has been held by a long line of decisions, ranging from the case of Gross v. McLaran, 8 Tex. 341, decided in 1852, to the present day. The court heard the facts stated in the bill of review and found them to be true. Three years after the judgment was rendered a motion, named "Motion of Plaintiff to Set Aside Judgment Granting New Trial to Defendants," was filed. In reality it was a motion for a new trial, filed at the sixth term of the court after the order vacating the original judgment was granted.

A bill of exceptions taken to the action of the court in vacating the original judgment was of date May 6, 1915, and the only ground of exception was that the judgment was a final one, and a motion for a new trial had been overruled at the time. The objections were without merit. There was undoubtedly

a great mistake or positive fraud in procuring a judgment of partition in favor of two persons who were dead when the suit was instituted, and as herein shown the judgment was void, or at least voidable, because the necessary parties were not before the court. In Vardeman v. Edwards, 21 Tex. 737, the court said:

"In general, where it would have been proper for a court of law to have granted a new trial, if the application had been made while the court had the power to do so, the court of chancery will afford its aid and grant it, if the application be made upon grounds arising after the court of law ceased to have power to act. * * * And, in general, the court will be governed by the same principles in passing upon the merits of the application by which the court of law would have been governed."

The facts set out in the bill of review are not assailed for their insufficiency or attacked as to their verity. The diligence of appellee is not questioned, nor is it denied that the necessary parties were not before the court. The only contention in this court is that a district court has no power or authority to set aside a judgment rendered at a previous term for fraud or mistake or any other ground. The authorities do not sustain the proposition.

"It is conclusively settled, by repeated decisions of this court, that a new trial may be granted by the district court in a case properly invoking its equitable powers, after the adjournment of the term at which the judgment was rendered." Plummer v. Power, 29 Tex. 6.

Even after a motion for new trial is overruled at the term when the judgment is rendered, a party may obtain a new trial at a succeeding term on proper equitable grounds. Bryorly v. Clark, 48 Tex. 345.

This court will not enter into a further discussion of whether ordinarily a judgment in favor of persons who were dead when they were used as plaintiffs to institute a suit was void, but the fact that they were dead and were so used is evidence of palpable fraud or a fearful mistake. This was a direct proceeding, and the judgment was open to attack on the ground that some of the plaintiffs were not in existence when the suit was instituted and when the judgment was rendered in their favor. Thouvenin v. Rodrigues, 24 Tex. 468; Giddings v. Steele, 28 Tex. 732, 91 Am. Dec. 336. As hereinbefore stated, a judgment, to be valid in a partition suit, must be rendered as to every one interested in the property, and the recovery in such a case is not divisible. However, if it be that, as the want of all necessary parties did not appear in the judgment or other parts of the record, the judgment would be voidable only, still, if void or voidable, it could be attacked in a direct proceeding by a bill of review. Moke v.

Brackett, 28 Tex. 443; Pullen v. Baker, 41 Tex. 419; Milam Co. v. Robertson, 47 Tex. 222; McClelland v. Moore, 48 Tex. 355.

[3] Appellants were given an opportunity to make proper parties, and secure their evidence, and place it before the court, and upon their refusal so to do the cause was dismissed, as it should have been.

[4, 5] The appeal bond will bind the living parties who signed it, although the names of the dead parties may have been used in the bond. Any one or more of the parties aggrieved by the judgment of a trial court may perfect his or their appeal. Simmons v. Fisher, 46 Tex. 126.

The judgment is affirmed.