## LADONIA STATE BANK v. McDONALD et al. (No. 3548.)

Court of Civil Appeals of Texas. Texarkana. May 3, 1928.

1. Injunction ⬧111—Statute requiring trial where judgment was rendered held inapplicable to suit to enjoin sale of land under execution on judgment in suit to which plaintiff was not party (Rev. St. 1925, art. 4656).

Rev. St. 1925, art. 4656, requiring that writs of injunction to stay proceedings in suit or execution on judgment be tried where suit is pending or judgment was rendered, *held* inapplicable to suit brought to enjoin sale of land levied on under execution on judgment in suit to which plaintiff was not a party for purpose of preventing creation of cloud on plaintiff's title.

2. Judgment ⬧678(1)—Bank assuming liabilities of bank, which had assumed liabilities of third bank, held not privy to judgment against latter.

Bank's liability to judgment creditor or his assignee on its assumption of liabilities of bank, which had assumed liabilities of third bank against which judgment was rendered, would not make it a privy to such judgment, so as to require that its suit to enjoin sale of land levied on under execution thereon be tried where judgment was rendered.

3. Judgment ⬧678(1)—"Privies" are such because of derivative rights of property; "privity."

"Privies" occupy that relation to others because of derivative rights of property; "privi-ty" relating to persons in their relation to property, not to any question independent of property.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Privity—Privy.]

4. Venue ⬧22(1)—That injunction suit within court's jurisdiction was also for damages and one defendant's domicile was in another county did not authorize transfer thereto.

That suit, of which court had jurisdiction so far as it was for injunction, was also for damages and that domicile of one defendant was in another county was no reason for transferring it to such county for trial, even if such defendant had filed plea of privilege, where domicile of his codefendant was in county of venue.

5. Injunction ⬧110—Want of jurisdiction to grant other relief did not deprive court of jurisdiction to grant injunction.

Court's want of jurisdiction of suit, so far as it was for other relief than injunction, did not deprive it of power to hear and determine suit so far as it was for latter relief.

Appeal from District Court, Fannin County; George P. Blackburn, Judge.

Suit by the Ladonia State Bank against L. D. McDonald and another, in which Joel H. Berry intervened. From a judgment sustaining pleas of named defendant and intervener to the court's jurisdiction and transferring the cause to another county, plaintiff appeals. Reversed and remanded.

April 24, 1926, in a suit pending in a district court of Delta county, in which the First State Bank of Ladonia, Tex., was the plaintiff and appellee L. D. McDonald was the defendant, judgment for damages in the sum of $2,000 was rendered in favor of the latter on his cross-action against the former. The judgment contained recitals showing that, in rendering it, the court determined that Joel H. Berry, who intervened in the suit, by assignment from McDonald owned and was entitled to collect one-half of it. March 16, 1927, McDonald assigned the one-half interest he owned in the judgment to one T. N. Williams, who, on June 16, 1927, assigned same to the appellant, Ladonia State Bank. July 6, 1927, at the instance of said Joel H. Berry, an execution was issued on said judgment, and same was afterwards levied upon land appellant claimed to own in Fannin county. This suit, commenced in the district court of said Fannin county, was by the appellant bank as plaintiff against said McDonald and one J. E. Whitley as sheriff of said Fannin county. It was to enjoin the sale of the land levied upon and for damages. Joel H. Berry intervened in the suit and in that way, as in the other suit, became a party to it. The appeal is from a judgment sustaining pleas of appellees McDonald and Berry challenging the jurisdiction of the district

court of Fannin county to try the cause, and transferring same to said district court of Delta county.

Cunningham & Lipscomb, of Bonham, for appellant.

Couch & Couch, of Bonham, and Joel H. Berry, of Houston, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The action of the trial court in sustaining appellees' contention that it was without jurisdiction to hear and determine appellant's suit was predicated on the requirement in article 4656, R. S. 1925, that:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered."

Appellant insists, and we agree, that the statute was not applicable to the case made by its facts, and, therefore, that the action of said court was erroneous.

Appellant was not a party to the Delta county suit, and the injunction it sought was not to stay proceedings in that suit nor to hinder the enforcement against the parties thereto of the judgment rendered therein, but was merely to prevent the creation of a cloud on its title to the land levied on in Fannin county. In Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578, it was held the statute had no application—

"to parties who do not sue to stay or enjoin the execution primarily of the judgment as contemplated by the statute, but who sue to prevent the sale of property alleged to belong to them under a judgment, however valid and regular it may be, to which they are not parties and for the satisfaction of which their property could in no event be subject. Any other construction of the statute would where an execution was levied upon the property of persons not parties to the judgment require such persons to adjudicate their rights to the same in a county not that of their domicile, and thus destroy a valuable privilege."

And see Gohlman v. Whittle, 115 Tex. 9, 273 S. W. 806, where the foregoing excerpt from Van Ratcliff v. Call is quoted by Judge Greenwood with approval; Long v. Knott (Tex. Civ. App.) 203 S. W. 1127; McDade v. Vogel (Tex. Civ. App.) 173 S. W. 506; Fannin County Bank v. Lowenstein (Tex. Civ. App.) 54 S. W. 316; Corbett v. Bank, 23 Tex. Civ. App. 602, 57 S. W. 61; Carey v. Looney, 113 Tex. 93, 251 S. W. 1040.

[2, 3] Appellees' insistence that the statute applied and that the ruling of the court therefore was not erroneous seems to be on the theory that; while appellant was not a party to the judgment in the Delta county suit, it was a privy thereto and therefore bound by it. The contention is based on proof showing that First State Bank, Ladonia, Tex., became the owner of the assets and assumed the liabilities of the First State Bank of Ladonia, Tex., against whom the judgment was rendered in the Delta county suit, and that Ladonia State Bank, the appellant here, after the rendition of said judgment became the owner of the assets and assumed the liabilities of said First State Bank, Ladonia, Tex. But as we understand the law, the fact, if it was a fact, that appellant was liable to appellees on its assumption of liability First State Bank, Ladonia, Tex., had assumed for indebtedness of the First State Bank of Ladonia, Tex., did not make it a privy to the judgment. "Privies occupy that relation to others because of derivative rights of property." Privity relates to persons in their relation to property, and not to any question independent of property. Hart v. Moulton, 104 Wis. 349, 80 N. W. 599, 76 Am. St. Rep. 881; Urban v. Bagby (Tex. Civ. App.) 286 S. W. 519; Lamar Co. v. Talley (Tex. Civ. App.) 127 S. W. 273; Buchanan v. Ry. Co. (Tex. Civ. App.) 180 S. W. 625; Miller v. Thompson, 91 Okl. 138, 216 P. 641; 34 C. J. 1010.

We have not found anything in the record sent to this court showing that the appellant bank acquired the title it claimed to the land levied upon from any party to the Delta county suit.

[4, 5] The trial court having jurisdiction (as we have determined) of appellant's suit so far as it was for the injunction prayed for, the fact that the suit was also for damages and that the domicile of the defendant McDonald was in Delta county was not a reason for transferring it to that county for trial. No "plea of privilege" to be sued in Delta county was interposed by McDonald, and had he filed such a plea it should have been overruled, for the domicile of his codefendant Whitley was in Fannin county. Moreover, if the court was without jurisdiction of the suit so far as it was for other relief prayed for, the fact would not deprive it of power to hear and determine the suit so far as it was for the injunction. Leachman v. Capps, 89 Tex. 690, 36 S. W. 250. In the case cited, Chief Justice Gaines said:

"When a petition states two causes of action, the court is not deprived of jurisdiction over one, because it may have no jurisdiction over the other."

The judgment is reversed and the cause is remanded to the court below for a trial on its merits.