L. B. BLACK v. T. C. BLACK ET AL.

No. 1128.  Decided June 23, 1902.

**1.—Partition—Description of Land.**

Commissioners to partition land have no authority to hear evidence for the purpose of identifying it; the petition and decree should give sufficient description for that purpose; and a description of the land in the petition and decree as 320 acres, part of the R. survey and 476 acres of the S. survey, in W. county, is insufficient to support a partition.  (Pp. 627-629.)

**2.—Partition—Parties.**

All persons interested should be parties to a decree partitioning land, and it is error to proceed to a decree after dismissal of one of the heirs to the property from the suit.  (P. 629.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Bastrop County.

T. C. Black and others sued L. B. Black and others and recovered a judgment from which defendant Black appealed.  On its affirmance he obtained writ of error.

*Prendergast & Sanford,* for plaintiff in error.

*Jones & Jones,* for defendant in error.

BROWN, ASSOCIATE JUSTICE.—The defendants in error instituted this suit in the District Court of Bastrop County, against J. D. Claiborn, Martha Claiborn, and L. B. Black, for partition of the property of the estate of John Black, deceased.  The petition alleged that John Black died intestate, leaving the plaintiffs, his grandchildren, and L. B. Black and Martha Claiborn, the children of the said John Black, as his only heirs.  That the said John Black left an estate consisting of $5400 in money and 796 acres of land, situated in Walker County, Texas, which is described in the petition as follows:  "320 acres in the G. W. Robinson survey and 476 acres in the L. R. Smith survey, belonging to John Black, situated in Walker County, Texas."  Plaintiffs allege that they are entitled to one-third of the $5400 in money, and to one-third of the land.  That said L. B. Black, John D. Claiborn, and Martha Claiborn had converted to their own use all of the money.  Plaintiffs prayed for judgment against the defendants for one-third of the money and interest thereon, and also that the land be partitioned and their interest be set apart to them.  Martha Claiborn pleaded coverture and that she took no part in the appropriation of the money, and that she did not receive any portion thereof.

The Court of Civil Appeals made no finding of facts, but the undisputed evidence, as it appears in the record, established the following facts:

John W. Black, the father of the plaintiffs below, and the son of John

Black, died in the year 1884, leaving a will, whereby he appointed J. D. Claiborn and J. C. Buchanan independent executors of his will. The executors qualified and took possession of the estate. On the 12th day of May, 1891, John Black died intestate, leaving as his heirs, his grandchildren, the defendants in error, and his two children, Martha Claiborn and L. B. Black. He left an estate consisting of $5400 in money and 796 acres of land, as described in the petition. Soon after his death, Claiborn and Buchanan, as executors of John W. Black, together with L. B. Black, divided the $5400 into three equal parts, of which Claiborn took one portion for his wife, Martha Claiborn, and L. B. Black took one portion for himself. J. D. Claiborn and J. C. Buchanan, believing they had the authority, as executors of John W. Black, took charge of the $1800 which belonged to the defendants in error, and loaned it to one Bell, who lived in McLennan County, taking a note therefor bearing interest at 10 per cent. L. B. Black approved the security, and had nothing else to do with lending the money. Claiborn and Buchanan, as executors of John W. Black, received the interest annually on the money loaned to Bell, who remitted it by his own check to Claiborn and Buchanan. On the 1st day of February, 1896, a new note was given by Bell for the $1800, and interest was paid on it for four years to Claiborn, and after suit was brought, on the — day of ——, 1900, $500 was paid upon the principal of the note. The note was then surrendered to the attorneys of defendants in error, and accepted by them for the unpaid balance thereon. The case was tried before the judge of the District Court without a jury, and judgment was entered in favor of Mrs. Martha Claiborn, that she go hence without day and recover of plaintiffs in that case her costs. The court entered judgment in favor of plaintiffs against John D. Claiborn and L. B. Black for $1571, and decreed that title to the unpaid balance of the note—$1300 principal—be vested in the plaintiffs, and also decreed that the plaintiffs below were entitled to one-third of the lands, L. B. Black to one-third, and Martha Claiborn to one-third, and decreed a partition of the land, which was described thus: "320 acres land a part of the G. W. Robinson survey and 476 acres of the L. R. Smith survey, situated in Walker County, Texas." Commissioners were appointed to partition the land. L. B. Black sued out a writ of error to the judgment, and the Court of Civil Appeals affirmed the judgment of the District Court.

Article 3607 of the Revised Statutes, subdivision 3, prescribes as one of the requisites of a petition for partition, "that the real estate sought to be partitioned shall be described in such manner as that the same may be distinguished from any other real estate." Article 3611 provides "that the court shall enter a decree directing the partition of such real estate, describing the same." The decree in this case described the real estate to be partitioned as follows: "320 acres of land, part of the G. W. Robinson survey, and 476 acres of the L. R. Smith survey, situated in Walker County, Texas." It is objected to this decree that the description is not a sufficient compliance with the statute. The object in

requiring the petition to describe the land so that it might be distinguished from any other real estate was to enable the court, in decreeing its partition, to give a like description in the judgment. The commissioners, when appointed by the court, were required to partition and divide the land as described in the decree, and we are of opinion that the description must be so definite as to enable them to distinguish the land to be divided from other real estate. The commissioners have no authority to take evidence for the purpose of identifying the land, and it is manifest from the description in this case that it could not be distinguished from any other land in the two surveys named; therefore the judgment is insufficient in its description of the property to be divided, for which reason the judgment must be reversed.

Whenever it appears in a partition suit that all persons interested in the land to be divided are not parties, the court can proceed no further, but should, of its own motion, stop the proceedings until the proper parties are brought in. McKinney v. Moore, 73 Texas, 470; Ship Channel Co. v. Bruly, 45 Texas, 8. From an inspection of the judgment in this case, it appears that Mrs. Claiborn was dismissed from the suit, and she being a necessary party in order to partition the lands among the heirs, the court could proceed no further in the division of the property. It was error for the court to proceed with the partition after dismissing Mrs. Claiborn.

Upon examination of the facts of this case, we are impressed that the whole case should be remanded to the District Court for another trial; it is ordered that the judgment of the District Court and of the Court of Civil Appeals be reversed and that this cause be remanded.

*Reversed and remanded.*