## WENTWORTH v. WENTWORTH.†

(Court of Civil Appeals of Texas. San Antonio. Dec. 6, 1911. Rehearing Denied Jan. 10, 1912.)

1. PARTITION (§ 78*)—ACTUAL PARTITION—IMPROVEMENT BY PARTY—RIGHT TO RECEIVE.

Land was bought for a price paid mainly by plaintiff's intestate and defendant, the remainder being paid by their mother, the title being taken in the names of defendant and the mother. After the mother's death, defendant conveyed an undivided half of the land to plaintiff's intestate. Prior to making the deed, defendant had placed valuable improvements on a part of the premises. *Held,* that such deed did not deprive defendant of the right to have awarded to him, in partition, the part on which the improvements were placed.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 265–273; Dec. Dig. § 78.*]

2. PARTITION (§ 78*)—PREFERENCE RIGHTS.

Where one tenant in common occupied and improved as his homestead a part of the property with the consent of his cotenant, he acquired a preference right thereto on actual partition.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 265–273; Dec. Dig. § 78.*]

3. PARTITION (§§ 73, 94*)—JUDGMENT—REQUISITES.

Under Rev. St. 1895, art. 3606 et seq., providing for the partition of estates, a decree which provides how the shares shall be determined, and which settles all questions affecting the title, and which directs that the partition shall be made in two parts, describing definitely the property to be partitioned, and which provides for commissioners to partition, for a surveyor to assist them, and which directs the commissioners to award to one of the parties the portion of the property on which improvements are situated, provided such division can be made so as to leave each moiety of equal value when each is taken as a whole, improvements included, etc., sufficiently determines the controversy, and the commissioners must divide the land and return proper description of their work in their report, with plats, field notes, and other description necessary to designate the shares, so that the court may enter the proper decree.

[Ed. Note.—For other cases, see Partition, Dec. Dig. §§ 73, 94.*]

4. PARTITION (§ 114*) — COSTS — STATUTORY AUTHORITY.

Under Rev. St. 1895, art. 3635, providing that the court shall adjudge the costs in a partition suit to be paid by each party to whom a share has been allotted in proportion to the nature of such share, the court cannot be compelled to pass on any question of costs until the case is finally disposed of.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 114.*]

Appeal from District Court, Kendall County; R. H. Burney, Judge.

Action between Susie Brown Wentworth, executrix, and Edward Wentworth for partition. From a judgment for partition, the former appeals. Affirmed.

Leo Tarleton and Geo. C. Altgelt, for appellant. John R. Storms and Gilbert C. Storms, for appellee.

COBBS, J. This was a suit for the partition of six certain parcels of land, particularly described in the pleading and designated as "A," "B," "C," "D," "E," and "F," also for an accounting for rents and profits, and for appointment of a receiver. The title being admitted, there was no controversy as to that. The appellee prayed to have his improvements, erected by him, and upon which he lived as a homestead, set apart to him, and also annexed to his answer his account. Upon the trial of the case, partition was decreed, each party being awarded a half interest in the land, commissioners appointed to partition the estate, and directed to award to appellee all improvements described in the judgment embraced within an area of about five acres and all west of the San Antonio and Fredericksburg road on the old homestead tract of the land. Judgment was also rendered in favor of appellant for $246.45 against appellee as her share of the rents and profits collected by appellee since the 29th day of April, 1909, and it was decreed that the same should constitute a lien upon defendant's interest in said land to be allotted by the commissioners provided for to the said Edward Wentworth, providing that the lien should be nevertheless discharged by the payment of said sum of money into the registry of the court, to the plaintiff, or to her attorney of record. The decree further denied the appointment of a receiver. The property was minutely described in the decree, except the homestead in question. As no complaint is made about the description contained in the decree, except as to that portion that pertains to the homestead and improvements, it is not necessary to set out or discuss the field notes.

As this case was tried before the court without a jury, and the court made a finding of facts and conclusions of law, we will set out the judgment of the court directing partition of the property and also the findings of fact and conclusions of law, leaving out of the judgment the field notes.

"Judgment.

"The above entitled and numbered cause came on to be heard, and being regularly reached for trial in the district court of Kendall county, Tex., on the 9th day of March, A. D. 1911, came the parties, plaintiff and defendant, and by their respective counsel announced for trial, and the court, having heard the pleadings, the evidence introduced, and the argument of the counsel duly considered, finds:

"First. That the plaintiff, who sues in the capacity of executrix of the last will and testament of William H. Wentworth, is the duly appointed, qualified, and acting independent executrix of the last will and testament of William H. Wentworth, deceased,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

and is entitled to sue for whatever interest her testator, Wm. H. Wentworth, owned in the real estate set out and described in the plaintiff's petition, and the partition of which is sought in this suit.

"Second. That plaintiff and defendant are each owners of an undivided half interest in and to said property.

"Third. That defendant, Edward Wentworth, lives, and for many years has lived, upon a portion of said property, and has erected valuable improvements thereon, and now, together with his wife, has his home upon a portion of said property and lives in a building thereon erected by him many years ago at his own expense, and that he also many years ago erected other valuable improvements upon that portion of said property, and other buildings, a portion of which are now occupied by his sister and her daughter; all of which improvements above mentioned, and as hereinafter referred to, are embraced within an area of about five acres, and are all west of the San Antonio and Fredericksburg road, and are on the old homestead tract of land.

"Fourth. That at the time said improvements were erected upon said property by the defendant, Edward Wentworth, he owned an undivided interest in and to all of the property set out and described in plaintiff's petition.

"Fifth. The court further finds that said property so described in plaintiff's petition is subject to and susceptible of equal and fair partition between the two claimants, and can be divided into two parcels of equal value, without injury to either the plaintiff or defendant.

"Sixth. That by reason of the erection of said improvements by the said defendant, Edward Wentworth, and his long and continued occupancy of said building and his present residence thereon, that he has an equitable right to have set apart to him that portion of said property upon which said improvements may fall, provided same can be done without injury to the other share, and provided the commissioners can so divide same as to make each share of equal value, and allot said improvements to the defendant, giving him that portion upon which said improvements are situated.

"It is therefore ordered, adjudged, and decreed by the court that said property which is described as follows: [field notes omitted]—be divided into two parcels of equal value and that the defendant, Edward Wentworth, be awarded that portion upon which his buildings and improvements have been placed, and in determining the value of each parcel the improvements thereon situate shall be estimated in computing the respective values thereof.

"It is further ordered, adjudged, and decreed by the court for the purpose of carrying out this judgment, and rendering same effective, that H. J. Graham and Paul Ingen-huitt and Paul Wray be, and the same are hereby, appointed by the court to act as commissioners in partitioning said land.

"It is further ordered, adjudged, and decreed by the court that Frank Nowlin be, and he is hereby, appointed by the court to act as surveyor to aid said commissioners in partitioning said land into parcels, and to make such survey as shall become necessary to enable said commissioners to partition said land and property described by metes and bounds each parcel.

"It is further ordered, adjudged, and decreed by the court that the clerk of this court forthwith issue a writ for partition directing the sheriff to notify said commissioners of their appointment to act in the premises, and shall furnish them with a certified copy of this judgment to guide them in their action in the premises, and that said commissioners, be, and they are hereby, instructed to proceed to the division and partition of said land in accordance with this judgment, and to file their written report with the clerk of this court on or before the first day of the next regular term of this court, showing, first, how they have divided said land; second, to which party each parcel has been allotted by them together with the field notes describing same, the number of acres in each allotment, and the value of each share shall be made equal.

"It is further ordered, adjudged, and decreed by the court that plaintiff do have and recover of and from the defendant, Edward Wentworth, the sum of two hundred and forty-six dollars and forty-five cents ($246.45) found by the court and herein adjudged to be due from defendant to plaintiff as one-half of the entire proceeds of the rents, revenues, and profits arising from said real estate and collected by said Edward Wentworth since the 29th day of April, A. D. 1909, and that the same shall constitute a lien upon the defendant's interest in said land in its undivided state and a lien upon a portion of said real estate to be allotted by the commissioners provided for to the said Edward Wentworth, which lien shall nevertheless be discharged by the payment of said sum of money into the registry of this court or to the plaintiff or to her attorney of record.

"It is further found by the court that the defendant, Edward Wentworth, is solvent, that there is no reason to fear any loss or irreparable injury to the plaintiff by reason of his administration of affairs of joint tenancy of said property while he is in possession, and there exists no need of a receivership, and the plaintiff's prayer for the appointment of a receiver is therefore denied. It is ordered, however, by the court that during the further pendency of this suit the defendant, Edward Wentworth, is instructed and directed to pay into the registry of this court to the clerk thereof monthly, or as collected by him, one-half of the revenues, rents,

and profits to be derived from the real estate herein sued for to be held by the said clerk for the benefit of the plaintiff in this suit."

## "Findings of Fact.

"First. I find: That plaintiff and defendant are each the owners of an equal undivided half interest in and to all of the property described in plaintiff's petition in this suit.

"Second. That about 30 or more years ago the defendant, Edward Wentworth, and the plaintiff's testator, William H. Wentworth, furnished the money with which the greater portion of said lands were purchased. Some of the money was furnished by their mother, Lucie Wentworth, long since deceased, but that the deed to said property was taken in the name of the said Lucie Wentworth and the defendant, Edward Wentworth.

"Third. That the defendant, Edward Wentworth, now resides upon, and has for over 30 years lived upon, a portion of said property, and has made valuable improvements thereon at his own expense, consisting in part of the house in which he and his wife now live, together with another building, which is now, and has been for the past 15 years, occupied by his sister and her daughter. That all of the improvements made by the defendant, Edward Wentworth, mentioned above, or hereinafter referred to, are situated on the west side of the San Antonio and Fredericksburg road, and on the tract of land known as the 'old homestead tract,' and are embraced within an area of 5 acres or less. I further find that the mother of the defendant and of plaintiff's testator, William H. Wentworth, deceased, is buried upon what is known as the 'old homestead tract' of land; that the plaintiff's testator has not resided upon said land for the past 20 years; and that the plaintiff herself is a resident of Mexico, and has never lived upon any portion of premises in controversy in this suit.

"Fourth. I find: That on April 29, 1909, some time after the death of Lucie Wentworth, mother of the defendant, that the defendant, Edward Wentworth, and wife by general warranty deed, duly executed and acknowledged, and of record, and on file among papers in this cause, conveyed an undivided half interest in and to all the lands described in plaintiff's petition to Wm. H. Wentworth, plaintiff's testator, and that said deed recites, among other things, the consideration to be as follows: 'One dollar to us in hand paid by William H. Wentworth; and for the further consideration of making of record the equitable interest held by Edward Wentworth and William H. Wentworth, in and to the property below described.' That said deed contains a full and accurate description of the lands involved in this suit. That after the execution and delivery of said deed the vendee therein, William H. Wentworth, or his representative, notified the defendant not to place any further improvements upon said property, and that the

defendant since the date of said deed has not made any improvements upon said property, but that all improvements and houses constructed thereon by him, and referred to herein, were made long prior to the date of said deed; but that, at the time said Edward Wentworth built said houses on the land and put other improvements thereon, he owned an equal undivided half interest in and to all said property, and that his brother, the said William H. Wentworth, had an equitable title to the other half.

"Fifth. I further find that the property described in plaintiff's petition is susceptible of a fair division and partition between the plaintiff and the defendant, and can be divided into two parcels of equal market value.

"Sixth. There is no evidence in the record that the defendant, Edward Wentworth, is insolvent; on the contrary, it is circumstantially shown that he is perfectly solvent, being the owner of a half interest in the property described in plaintiff's petition.

"Seventh. I find that the defendant is justly indebted to the plaintiff for rents, revenues, and profits arising from the use of said land in the sum of $246.45 after allowing him credit for the taxes paid for the years 1909 and 1910 on the land described, and dividing the balance equally between the defendant and the plaintiff."

## "Conclusions of Law.

"First. I conclude as a matter of law on the above facts that plaintiff and defendant are each entitled to a partition of said lands into two parcels of equal value, and that commissioners should be appointed to partition the same into two parts of equal value, and that the defendant should have awarded to him that portion or division of the said property upon which the houses and his home are situated, provided such a division can be made so as to leave each moiety of said property of equal value when each is taken as a whole, improvements included.

"Second. That plaintiff should have a judgment of $246.45 against the defendant, together with the establishment and foreclosure of a lien to secure payment of the same upon such share of the said property as may be awarded and set apart to the defendant by the commissioners of partition.

"Third. I conclude that there is no necessity of a receiver to be appointed in this case, as prayed by plaintiff, as the same would incur unnecessary expenses.

"Fourth. I conclude as a matter of law that the deed executed by the defendant and wife of date April 29, 1909, to William Wentworth, plaintiff's testator, does not have the effect to divest or deprive the defendant of any equity, or preference right which he had prior to its execution, in law or equity, by virtue of having placed valuable improvements upon the home tract of land prior thereto, to have the lands and premises so partitioned as to place said improvements

upon one division of the property, and to have that division awarded and set apart to defendant, provided such a division can be made as would leave each moiety of equal value to the other.

"Fifth. And that judgment should be as rendered."

[1] The first assignment of error is as follows: "The district court erred in its conclusion of law that the defendant should have awarded to him that portion of the property sought to be partitioned upon which the houses and his home are situated, provided such a division can be made so as to leave each moiety of said property of equal value when each is taken as a whole."

Second assignment of error: "The district court erred in its conclusion of law that the deed executed by the defendant and wife of date April 29, 1909, to William H. Wentworth, plaintiff's testator, does not have the effect to divest or deprive the defendant of any equity or preference right which he had in law or equity by virtue of having placed valuable improvements upon the home tract of land prior thereto to have the premises so partitioned as to place said improvements upon one division of the property and to have that division awarded and set apart to himself; provided such a division can be made as would leave each moiety of equal value."

First proposition under first and second assignments: "The general warranty deed from Edward Wentworth and wife to Wm. H. Wentworth, appellant's testator, of April 29, 1909, conveying an undivided half interest in all the lands in controversy, passed the interest of Edward Wentworth (one-half) to all the improvements theretofore made by him, and thereby appellee lost his right to a preference to that part of the land upon which said improvements are situated."

We cannot agree with the contention of appellant that the general warranty deed from Edward Wentworth to Wm. Wentworth lost to Edward Wentworth the improvements on his portion. The deed was intended to be, and was nothing more than, an effort, without any additional consideration, to put the legal title in his brother, Wm. Wentworth, to an undivided interest in the whole estate at the death of their mother, prior to which time the legal title was not in William Wentworth to any portion. It was not intended to convey any rights of Edward Wentworth, but was the proper thing for him to do, to fix the legal right of his brother with himself in all the property. Because Edward Wentworth did the proper thing by making this conveyance, doing just what he would under the law be compelled to do, we cannot see how he "lost his right to a preference to that part of the land upon which said improvements are situated."

[2] Besides, Edward Wentworth was occupying the improved portion with his brother's consent as his homestead which under the rule declared in Lewis v. Sellick, 69 Tex. 383, 7 S. W. 673, gave him a preference thereto in partition.

[3] The third assignment of error is: "The judgment of the district court directing the commissioners to award to defendant Edward Wentworth the four or five acres of land whereon the improvements and home place are situated is so vague and uncertain in the description of said four or five acres that it will confuse the commissioners, in this: That no directions are given how said four or five acres shall be fixed or located upon the ground."

First proposition under third assignment: "The description of the land embracing the improvements in question contained in the judgment as follows: 'All of which improvements above mentioned and as hereinafter referred to are embraced within an area of about five acres and are all west of the San Antonio and Fredericksburg road and are on the old homestead'—is void for uncertainty, and will tend to confuse the commissioners of partition."

Article 3606 et seq. of the Revised Statutes provides the manner in which estates shall be partitioned between joint owners. The decree provides how the shares shall be determined, and likewise settles all questions of law or equity affecting the title. The decree directed the partition of the estate to be made in two parts, describing definitely the property to be partitioned. It provided for commissioners to partition same and provided for a surveyor to survey the lands to assist the commissioners, and then directed the commissioners to award to appellee "that portion or division of the said property upon which the houses are situated, provided such a division can be made so as to leave each moiety of said property of equal value when each is taken as a whole, improvements included." It also gave a further description shown herein above.

To support her contention, we are referred to several authorities, including Black v. Black, 95 Tex. 627, 69 S. W. 65. The only description given in the decree in that case is as follows: "320 acres, part of the G. W. Robinson Survey and 476 acres in the L. R. Smith Survey, situated in Walker County, Texas." The court, after holding the description bad and not distinguishable from any other real estate, says: "The commissioners, when appointed by the court, were required to partition and divide the land as described in the decree, and we are of the opinion that the description must be so definite as to enable them to distinguish the land to be divided from other real estate. The commissioners have no authority to take evidence for the purpose of identifying the land, and it is manifest from the description in this case that it could not be distinguished from any other land in the two surveys named. Therefore, the judgment is insufficient in its description of the property to

be divided." Here the description in the decree is sufficient, and no question is raised as to its identity. It gave the complete description of lands to be partitioned and fully described them. The homestead and improvements in question are within the boundaries described in the decree. They are said to embrace the homestead thereon—the homestead improvements "embraced within an area of about five acres and are all west of the San Antonio and Fredericksburg road, and are on the old homestead." The express duty here imposed on the commissioners by the decree and under the law in such cases (article 3618) is to see "that the shares may be equal in value, as nearly as may be, in proportion to the respective interests of the parties entitled." In this case the court had found one of the parties to have created a home on the very property described and decreed to be partitioned, and to have made valuable improvements that should be set apart to him if possible. Under the terms of the decree and also under the law (article 3617, R. S.), they were authorized to have the land "surveyed * * * into several tracts or parcels." Had the decree described, as in the Black Case, supra, land not susceptible of location from its very terms, the commissioners would be sent on a hunt to find land to be partitioned. That is not the case here. The land to be partitioned is well described in the decree, and can be found and easily identified. That is as far as the decree need go as to giving a definite description. It then becomes the duty of the commissioners to divide the land and return proper description of their work in their report with plats, field notes, and such other description necessary to designate the shares, so that the court may enter the proper decree. We think the description of the homestead and improvements set out in the decree a sufficient description for the commissioners to act under, value, and set apart.

The fourth assignment complains of the action of the court in refusing to appoint a receiver. We agree with the court, and overrule this assignment.

[4] The fifth assignment is as follows: "The district court erred in refusing to render judgment in favor of plaintiff for the costs of the district court, and erred in refusing to adjudicate the liability of the parties for the costs of this suit so far as they have accrued."

First proposition under fifth assignment: "Appellant having recovered judgment for $246.45 for rents and profits which were never tendered or paid into court was entitled to recover costs notwithstanding appellee admitted appellants' right to partition."

Second proposition under fifth assignment: "The judgment appealed from being a final judgment the district court should have adjudicated the costs of this proceeding." ·

We cannot see any error in postponing the adjudication of costs. Article 3635 provides: "The court shall adjudge the costs in a partition suit to be paid by each party to whom a share has been allotted in proportion to the nature of such share."

This being a proceeding in rem, the court cannot be compelled to pass upon any question of costs until the case is finally disposed of.

We have considered all the assignments of error, and they are overruled, and the judgment of the court is affirmed.