## McIntosh *v*. State.

### Opinion delivered June 2, 1913.

Larceny—indictment—allegation of ownership.—In an indictment for larceny, the allegation of ownership is material and must be proved as alleged. Correctly naming the owner is essential to the identification of stolen property.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon*, Judge; reversed.

*P. C. Barksdale* and *J. E. London*, for appellant.

In cases of larceny the allegation of ownership of the money must be proven as alleged in the indictment. 73 Ark. 32; *Ib*. 169; 70 Ark. 144; 13 Ark. 105. The verdict is contrary to the evidence.

*Wm. L. Moose*, Attorney General, and *John P. Streepey*, Assistant, for appellee.

1. The exceptions were not carried into the motion for a new trial and therefore are treated as abandoned. 73 Ark. 453-6.

2. The testimony is sufficient to sustain the conviction.

Wood, J. The appellant was convicted on an indictment which charged her with grand larceny, committed by stealing sixty-four dollars ($64), the personal property of one Luther Stevens. One of the grounds of the motion for a new trial is that the verdict is contrary to the evidence.

The evidence tended to show that the appellant, in Sebastian County, Arkansas, some time in November, 1912, did steal the sum of sixty-five dollars ($65), the property of a "certain white man." But there is no evidence in the record identifying the money which appellant is alleged and shown to have stolen, as the property of Luther Stevens, as charged in the indictment.

There is a total lack of evidence to show that the "white man," whose money appellant is alleged to have stolen, was Luther Stevens. In indictments for larceny, the allegation of ownership is material and must be proved as alleged. Correctly naming the owner is essential to identify the stolen property. *Fletcher* v. *State,* 97 Ark. 1; *Merritt* v. *State,* 73 Ark. 32. See also *Andrews* v. *State,* 100 Ark. 184; *McCowan* v. *State,* 58 Ark. 17; *Blankenship* v. *State,* 55 Ark. 244.

As the evidence failed to sustain the allegation that the money was the property of Luther Stevens, the judgment must be reversed and the cause remanded for a new trial.