## KELLOGG *v*. STATE.

### Opinion delivered April 17, 1922.

1. LARCENY—ALLEGATION OF OWNERSHIP.—In indictments for larceny, the allegation of ownership is material, and must be proved as alleged.

2. CRIMINAL LAW—FORMER ACQUITTAL.—A former acquittal, under an indictment charging the larceny of cottonseed from a certain person does not bar a subsequent prosecution for larceny of the same quantity of cottonseed from another person, unless the larceny, though from different owners, was but single act or transaction, or the persons named in the two indictments are in fact one and the same.

3. CRIMINAL LAW—IDENTITY OF OWNER OF STOLEN PROPERTY NAMED IN DIFFERENT INDICTMENTS.—Where a former indictment for larceny alleged the ownership of the stolen cotton to be in A. C. Core, and the jury found defendants not guilty, the fact that a second indictment for stealing the same quantity of cotton at the same time named the owner as A. E. Core, without any proof that A. C. Core and A. E. Core were one and the same person, does not show that they were the same persons.

4. NAMES—MIDDLE INITIAL.—Though the middle initial of a name is ordinarily immaterial and may be disregarded, such rule does not apply where such initial is necessary to distinguish two different individuals.

5. CRIMINAL LAW—FORMER JEOPARDY.—It was not error to overrule a plea of former acquittal where it does not affirmatively ap-

pear that the prosecution is for the same offense as that for which defendants had been acquitted.

6.  CRIMINAL LAW—ALLEGATION OF TIME—INSTRUCTION.—Though an indictment for larceny charged the theft as having been committed on a certain day, it was not error to charge the jury that it was their duty to convict the defendants if they stole the property within three years next before the finding of the indictment.

7.  CRIMINAL LAW—INSTRUCTION—CIRCUMSTANTIAL EVIDENCE.—An instruction that circumstantial evidence is legal evidence and is to be considered in determining whether the defendants are guilty, and that when circumstances are so thoroughly connected as to form a chain that convinces beyond a reasonable doubt, the jury should convict the same as upon regular proof, *held* substantially correct.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

*Robert J. White,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

WOOD, J.  The appellants were jointly indicted for the crime of grand larceny, which it is alleged was committed as follows: ''The said George Kellogg and John Oliver on the 24th day of October, 1919, in the county and district aforesaid, unlawfully and feloniously did take, steal and carry away six hundred and seventy-one pounds of seed cotton of the value of one hundred dollars, the personal property of A. C. Core.''

The appellants were placed on trial on this indictment, and the jury returned the following verdict: ''We, the jury, find the defendant not guilty of stealing A. C. Core's cotton.''  The court thereupon directed that ''the defendants' case be returned to the grand jury for investigation.''  The grand jury on the following day returned into court an indictment charging Cleve Hickson, John Oliver and George Kellogg of the crime of grand larceny committed as follows:  (Here the indictment, after adding the name of Cleve Hickson, is in precisely the same language as that set forth above except it names the property as that of A. E. Core.)  To the last indict-

ment the appellant entered a plea of former jeopardy, which in due form set out that the appellants herein had been tried and acquitted "of the identical offense for which they were here charged."

The court overruled their plea, and they were put upon trial upon the last indictment.

It could serve no useful purpose to set out in detail the testimony which was adduced to establish the charge on the part of the State. It consisted of circumstantial evidence. The testimony tended to show that on Friday night, October 24, 1919, A. E. Core left some seed cotton in a wagon on a road which led from Paris to Fort Smith. During the night 671 pounds of the cotton were stolen of the value of $100. The theft occurred in Logan County, Arkansas. The following morning Core and others made an investigation and found where a car had stopped about fifty feet east of where the wagon stood which contained the cotton. The cotton was scattered from the wagon to the place where the car had been, and there were tracks of three persons at the place where the cotton was taken from the wagon to the car. The tracks of the car indicated that the back casings were "Diamond" tread, the right front casing a "Horseshoe" tread, and the left front casing a "Goodrich" tread. These car tracks were traced into the town of Paris and where they turned north at the Catholic church going in the direction of Cleve Hickson's. Some time after midnight, October 24th, a car was driven to the home of Cleve Hickson and stopped. The next morning a Dodge car was seen standing at the home of the appellant Oliver having on its wheels casings making the same kind of tracks made by the car in which the stolen cotton is supposed to have been carried away. The appellants were seen in a Dodge car belonging to Cleve Hickson in the immediate neighborhood where the cotton was stolen between midnight and four o'clock in the morning on the night of October 24, 1919. The stolen cotton had a peculiar small brown seed. The seed of cotton found at Hickson's place was the same

The appellants admitted that they were in possession of Cleve Hickson's car from Thursday morning until Saturday morning covering the time when the cotton was stolen. The testimony on behalf of the appellants tended to establish an alibi. On its own motion the court instructed the jury as follows: "Circumstantial evidence is legal evidence, and is to be considered by you in determining whether or not the defendants are guilty of this offense. When circumstances are so thoroughly connected as to form a chain that convinces you beyond a reasonable doubt, it will be your duty to convict upon circumstantial evidence the same as regular proof." The jury retired to consider its verdict, and afterwards returned into court and asked the court if it could convict the defendants for grand larceny for stealing the cotton at any other time than the night they were seen on the road—the night when the cotton was taken. Thereupon the court instructed the jury as follows: "That is a question that you gentlemen must determine, and not me. I said to you that if you believed beyond a reasonable doubt that the defendants took, stole or carried away the cotton, the property of A. E. Core, of greater value than $10, then it would be your duty to convict the defendants of grand larceny and fix their punishment in the State Penitentiary for some period of time not less than one year or more than five years, if they took, stole and carried away any cotton belonging to A. E. Core within three years next before the finding of the indictment." The appellants duly objected and reserved their exceptions to the rulings of the court and in overruling their plea of former jeopardy. The jury returned a verdict finding the appellants guilty and fixing their punishment at one year in the State Penitentiary. Judgment of sentence was pronounced against them according to the verdict, from which is this appeal.

1. The court did not err in refusing to sustain appellants' plea of former jeopardy. This court has repeatedly ruled that "in indictments for larceny allegation of ownership is material and must be proved as al-

leged." *Mooney* v. *State*, 137 Ark. 410, and cases there cited. *Fletcher* v. *State*, 97 Ark. 1; *Wells* v. *State*, 102 Ark. 627; *McLemore* v. *State*, 111 Ark. 457; see also *McIntosh* v. *State*, 108 Ark. 418, where we said: "Correctly naming the owner is essential to identify the stolen property".

In the first indictment on which appellants were tried the property was described as the personal property of A. C. Core, and the jury returned a verdict specifically finding that the appellants did not steal A. C. Core's cotton. Under the first indictment, therefore, the appellants could not have been convicted on proof that they had stolen the property of A. E. Core. Upon such proof there would have been a material and fatal variance between the allegations and the proof. "A conviction or acquittal under a charge of larceny from one person will not operate as a bar to a subsequent prosecution of larceny from another person, unless the larceny, although from different owners, was but a single act or transaction, or the persons named in the two indictments are in fact one and the same." 14 Stand. Ency. Proc. p. 603.

The appellants, in their plea of former jeopardy, set up that under the former indictment they had been tried and acquitted on the same offense as that contained in the second indictment upon which they were about to be tried, but there was nothing in their plea to show that A. C. Core and A. E. Core are one and the same person, and we do not discover any evidence to that effect in the record. Since the allegation of ownership was material and essential to the identification of the stolen property, in the absence of any proof that the initial "C" in the first indictment was but a misnomer and that it should have been "E" and was intended to be and should have been "E" in order to describe A. E. Core instead of A. C. Core, we are unable to conclude that the trial court erred in finding, as he must have found, that A. E. Core and A. C. Core were not one and the same person. It is stated in *Fincher* v. *Hanegan*, 59 Ark. 151: "The law knows but one Christian name. Entire omission of a

middle letter is not a misnomer or a variance. The middle letter is immaterial, and a wrong letter may be stricken out or disregarded.'' See also *State* v. *Smith,* 12 Ark. 622. But this is only true, as the cases show, when the mistake in the middle name is made in designating the same person. When the middle name is used to designate and distinguish different persons, then it becomes very material. This distinction was noted by Judge BATTLE in *Fincher* v. *Hanegan, supra,* when he said: ''But this (the middle name) was immaterial unless there were more than one person of the same name, and the middle name or the initial thereof was unnecessary to identify the Henry Ward who had executed it.''

Here we take it that the court must have found on the trial of the first indictment that A. *C.* Core was a different person from A. *E.* Core. At least it must have been proved that the cotton belonged to A. *E.* Core instead of to A. *C.* Core, for the court found it necessary to order that ''the defendants' case be returned to the grand jury for investigation'' and the insertion of the true name of the owner of the property. See *Blankenship* v. *State,* 55 Ark. 244; *Andrews* v. *State,* 100 Ark. 184.

It does not affirmatively appear that the prosecution in this case is for the same offense as that for which the defendants have already been acquitted. Therefore, the court did not err in overruling appellant's plea. *Turner* v. *State,* 130 Ark. 48.

2. There was no error in the instruction which the court gave the jury in response to the inquiry when they returned into court while considering their verdict. There was no election upon the part of the State to narrow the investigation of the offense charged in the indictment to the particular day named in the indictment, and there was no effort on the part of the State to prove that the appellant had stolen any other seed cotton of A. E. Core than the particular 671 pounds alleged in the indictment. That was the kind of cotton specifically described in the indictment. Under this indictment, if the court had instructed the jury that they could consider the theft of any

other kind of cotton than that specifically described, it would have been error. But such was not the inquiry of the jury, and such was not the instruction of the court. The jury inquired if they could convict the appellants of stealing the cotton at another time than the night they were seen on the road—the night the cotton was taken. The court, in response, told the jury that the offense charged in the indictment covered a period of three years next before the finding of the indictment. In *McLemore* v. *State, supra,* the accused was charged with larceny of a cow belonging to one Murphy, with no specific description. The evidence on the part of the State was directed to the larceny of a cow with a "crumpled horn", and the State elected to prosecute on the charge of stealing this particular cow. But in that case the court instructed the jury that in arriving at their verdict they were not to confine themselves to the cow with the "crumpled horn," but that they should find the defendant guilty if they found that within three years before the finding of the indictment he did steal and carry away *any cow,* the property of Murphy, etc. We held that the giving of the instruction, under the indictment and proof, was erroneous.

But the facts of the case at bar, as we have seen, differentiate it from the above case, and the court did not err in instructing the jury in this case that if the appellants took, stole and carried away the cotton of A. E. Core within three years before the finding of the indictment it would be their duty to convict. The jury may have been convinced, and their inquiry and finding indicates that they were convinced, that the appellants stole the cotton, but they may or may not have found that the theft occurred on the particular night they were seen on the road, as testified by the witnesses. In other words, the jury may have concluded that the witnesses were mistaken as to the particular day or hour when the theft occurred, but that the particular cotton was stolen as charged within three years of the finding of the in-

dictment. These were matters within the province of the jury, as the court properly informed them.

3. Instruction number 3 was not happily phrased, but there was no specific objection to it. There was no inherent vice in the instruction. On the contrary, the law was substantially declared in conformity with the decisions of this court in *Carr* v. *State,* 81 Ark. 589, and *Lackey* v. *State,* 67 Ark. 416. See also *Gill* v. *State,* 59 Ark. 422.

4. It cannot be said as a matter of law that there was no evidence to sustain the verdict. On the contrary, the issue of the guilt or innocence of the appellants was one of fact for the jury, and their verdict on this issue is conclusive here. There is no reversible error.

The judgment is therefore affirmed.