## BOWLIN v. FREELAND et al.   (No. 3312.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 9, 1926.)

**1. Trespass to try title ☞38(2)—Defendants, not proving title was ever in party under whom they claimed, must prove opponent's title was derived from same source.**

In suit to try title, defendants not having proved that title was ever in party under whom they claimed, must fail, unless they proved plaintiff, claiming adversely, derived title from same source.

**2. Names ☞3—Claimant, adducing no proof that J. K. F. and J. R. F. were different persons, rule treating middle name or middle letter as immaterial held applicable.**

In suit to try title, where defendants claimed as heirs of J. K. F., and relied on proof to show adversary claimed title by mesne conveyance through J. R. F., but adversary did not adduce evidence to show J. K. F. and J. R. F. were different persons, rule treating middle name, or middle letter of name, as immaterial, was applicable.

**3. Trespass to try title ☞41(2)—Evidence held to show adverse claimants claimed under common source of title.**

In suit to try title, evidence *held* to show adverse claimants claimed under common source of title.

**4. Names ☞14—Identity of names is prima facie evidence of identity.**

Identity of names is prima facie evidence identifying one and the same person.

**5. Appeal and error ☞336(1)—Where heirs at law other than defendants were not made parties, judgment will be reversed.**

In suit to try title, where undisputed evidence showed that heirs at law other than defendants were not made parties to suit or appeal, judgment will be reversed.

**6. Partition ☞46(1)—When not all tenants in common are parties to partition, judgment will be reversed.**

All tenants in common are indespensable parties to partition suit and, when contrary appears in record on appeal, judgment will be reversed, though there was no objection for defect of parties.

Appeal from District Court, Panola County; R. T. Brown, Judge.

Suit to try title by W. W. Craig against Will Bowlin and the unknown heirs of J. K. Freeland and others. From a judgment for defendants J. F. Freeland and others as heirs of J. K. Freeland, defendant, Will Bowlin, appeals. Reversed and remanded for new trial.

This was a suit to try the title to about 200 acres of the George Glass survey in Panola county. It was commenced by W. W. Craig against appellant, Will Bowlin, and the "unknown heirs of J. K. Freeland," November 1, 1922. In his petition Craig alleged that the certificate by virtue of which the land was located, surveyed, and patented belonged to A. M. Truitt; that on December 29, 1858, said Truitt sold and delivered said certificate to James Freeland; that such sale was evidenced by an instrument in writing; that the writing "was made to J. K. Freeland, but it was made for the benefit of James Freeland; that he, said James Freeland, paid the consideration for said certificate, and the said certificate and the transfer thereof were delivered to the said James Freeland; that said transfer of said certificate was duly recorded in the county clerk's office of Panola county in the deed records. Book G, page 517, on the 27th day of January, A. D. 1860; that in January, A. D. 1861, the said James Freeland conveyed said certificate to the plaintiff by delivery of the same."

Craig having died pending the suit, his heirs became parties thereto, and prosecuted it in his stead. Appellant Bowlin's answer to the petition, filed March 27, 1923, consisted of a general demurrer and a plea of not guilty. J. F. Freeland, Mrs. M. E. Schnider, Edwin R. Baker, Mrs. H. L. Chambliss, Mrs. Willie Panos, Jerry Burns, Ethel Freeland, Sallie Bailey, F. L. Freeland, D. E. Curry, Maude Montgomery, Marvin Curry, John Curry, Belle Young, Mrs. Mabel Irene Wood, J. O. Tally, Anna Belle Tally, W. H. Tally, Jr., Mattie Freeland Tally, H. M. Freeland, and Geromme Freeland, claiming to be the only heirs of J. K. Freeland, deceased, and as such to be the owners of the land in controversy, became parties to the suit March 17, 1925. They alleged (as Craig did) that the certificate by virtue of which the land was surveyed was transferred by A. M. Truitt to J. K. Freeland January 27, 1860. They alleged, further, in supplemental pleadings filed March 24, 1926, that appellant Bowlin also was an heir of said J. K. Freeland, deceased, and as such owned a 1/32 undivided interest in the land in controversy, and that they as such heirs owned a 31/32 undivided interest therein. Appellant's answer to pleadings of J. F. Freeland and others, just referred to, consisted of a gen-

eral denial and a plea of not guilty. Wm. F. Burns, Davis K. Burns, and Robert Bailey, also claiming to be heirs of J. K. Freeland, deceased, became parties to the suit by pleadings filed March 18, 1925. A trial before the court without a jury resulted in a judgment determining the fact to be as claimed by said J. F. Freeland, Mrs. M. E. Schnider, Edwin R. Baker, Mrs. H. L. Chambliss, Mrs. Willie Panos, Jerry Burns, Ethel Freeland, Sallie Bailey, F. L. Freeland, D. E. Curry, Maude Montgomery, Marvin Curry, John Curry, Belle Young, Mrs. Mabel Irene Wood, J. O. Tally, Anna Belle Tally, W. H. Tally, Jr., Mattie Freeland Talley, H. N. Freeland, and Geromme Freeland, to wit, that they owned a 31/32 undivided interest in the land, and that appellant Bowlin owned a 1/32 undivided interest therein. This appeal was prosecuted by appellant Bowlin alone.

Long & Strong, of Carthage, for appellant.
H. N. Nelson and Woolworth & Duran, all of Carthage, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] Appellee's claim of title to the land in controversy was on the theory that it belonged to J. K. Freeland; that said Freeland died intestate; and that they and appellant were his only heirs and as such took the title. But appellees failed to prove that the title was ever in said Freeland. Hence they were not entitled to the judgment they obtained, unless they proved that said Freeland was the source of appellant's claim of title, as well as of their own. They relied for proof of that on what appeared on the deed records of Panola county to be an instrument dated December 29, 1859, filed for record June 27, 1860, purporting to transfer the certificate by virtue of which the land was surveyed from A. M. Truitt to J. R. Freeland; on a deed dated October 23, 1909, purporting to convey the land from W. T. Wroten to J. A. Cammack; on testimony adduced to show that said Wroten was an heir of J. K. Freeland; on a deed dated November 16, 1912, purporting to convey the land from J. A. Cammack and his wife to W. Y. and G. F Garrison; and on a deed dated January 7, 1922, purporting to convey the land from G. F. Garrison to appellant.

Appellant claimed that J. K. Freeland and J. R. Freeland were different persons, but he did not adduce any evidence tending to substantiate his claim. In that state of the case the rule of the common law, which recognizes but one Christian name, and treats the middle name or names or the middle letter or letters of a person's name as immaterial applied. English v. State, 30 Tex. App. 470, 18 S. W. 94; Watt v. Parlin & Orendorff Co., 44 Tex. Civ. App. 439, 98 S. W. 428; Kellogg v. State, 153 Ark. 193, 240 S. W. 20; Hill v. State, 103 Tex. Cr. R. 580, 281 S. W. 1071; 19 R. C. L. 1328; 29 Cyc. 265.

[3, 4] It seems, therefore, that the trial court had a right to conclude that appellant and appellees were claiming title under a common source, as alleged by appellees, if there was evidence showing that appellant's claim of title was through J. K. Freeland. Appellant's contention that there was no such evidence is on the theory that there was no evidence identifying the W. T. Wroten who was an heir of J. K. Freeland and the W. T. Wroten who conveyed to J. A. Cammack as one and the same person. The contention ignores the rule which treats identity of names as prima facie evidence identifying one and the same person (Dittman v. Cornelius [Tex. Com. App.] 234 S. W. 880; May v. Ry. Co., 184 Ky. 493, 212 S. W 131), unless appellant meant to be understood as predicating his contention upon the fact that in the statement of facts sent to this court it appears that the person who conveyed to Cammack signed his name thus: "W. T. Wroten," whereas in the testimony of appellee H. M. Freeland as a witness it is written thus: "W. T. Roten." If such was appellant's meaning, we still think the contention is without merit. 29 Cyc. 272, and authorities there cited.

[5] The trial court having a right, as we conclude, to say that appellant's and appellees' claim of title was from a common source, to wit, J. K. Freeland, the judgment should not be reversed for any error assigned, unless it be true, as appellant insists it is, that appellees failed to prove that they and W. T. Wroten were the only heirs of J. K. Freeland. That appellees failed to make such proof, and that there were others than themselves and W. T. Wroten who were such heirs (to wit, children of Tom Freeland, deceased, and perhaps others) appears in the undisputed testimony of appellee H. M. Freeland as a witness, and in the judgment rendered, which determines that Emma Baker, Mrs. Bell, Mrs. A. B. Miller, J. R. Freeland and "Molly," who, so far as the record shows to the contrary, were never parties to the suit, and are not parties to this appeal, were entitled to share in the partition of the land ordered.

[6] It is well-settled in this state that "all tenants in common are indispensable parties to a suit for partition," and, when the contrary appears in the record on appeal, the judgment will be reversed, though no objection for defect of parties was made in the trial court. Holloway v. McIlhenny Co., 77 Tex. 657, 14 S. W. 240. In the case cited Judges Gaines said:

"A decree of partition in a suit to which one or more of the owners of the land are not parties does not affect their rights. They cannot be bound by the decree, and can have it set aside in any proper proceeding in which all parties are before the court. Courts of justice do not sit to enter empty decrees, and hence will arrest a proceeding of this character for want of nec-

essary parties at any stage of the proceedings. The rule results from the impossibility of making a binding decree without having all parties who own an interest in the land to be affected by it before the court."

And in Black v. Black, 95 Tex. 627, 69 S. W. 65, Judge Brown said:

"Whenever it appears in a partition suit that all persons interested in the land to be divided are not parties, the court can proceed no further, but should, of its own motion, stop the proceedings until the proper parties are brought in."

And see McDade v. Vogel (Tex. Civ. App.) 173 S. W. 506; and 30 Cyc. 201, and authorities there cited.

The judgment is reversed and the cause is remanded to the court below for a new trial.