### GOSE et al. v. BURNETT et al.
### No. 4319.

Court of Civil Appeals of Texas. Texarkana.

May 10, 1933.

Rehearing Denied May 18, 1933.

Moore & Moore, of Paris, for plaintiffs in error.

Dohoney, Beauchamp & Lawrence, of Paris, for defendants in error.

JOHNSON, Chief Justice.

The plaintiffs in error in this court were plaintiffs in the trial court, and the defendants in error here were the defendants in the trial court. The trial judge filed his findings, which we find to be supported by the evidence, adopt, and quote as a statement of the case:

"Findings of Fact.

"1. Plaintiffs Mrs. Mary C. Gose is surviving wife, and F. H. Gose, the only heir, of S. W. Gose, deceased. Defendant Selvina Orgain Burnett, hereinafter referred to as Mrs. Burnett, is the surviving wife, and the other defendants are the heirs, of W. D. Burnett, deceased.

"2. Prior to the year 1923, S. W. Gose owned an undivided one-half interest in the land described in plaintiffs' petition and defendant Mrs. Burnett, and her husband, W. D. Burnett, now deceased, owned an undivided one-half interest thereof, a portion of said interest being the separate property of Mrs. Burnett. That W. D. Burnett and wife and family were living in an old residence on the land.

"3. That, during the year 1923, said old residence having become dilapidated and insufficient for residence purposes, W. D. Burnett, with the knowledge, acquiescence, and consent of S. W. Gose, built a new residence on said land, expending from their community fund, for the necessary material and labor, the sum of twenty-four hundred forty and some odd dollars, which said residence added that amount to the value of the land. W. D. Burnett with his wife and children moved into said residence and occupied the same until the date of his death. I further find that the land in controversy could have, at any time after the erection of said residence, been and still can be partitioned in such a way as to give the Burnetts their one-half in the land, including said residence, without injury to the interest of S. W. Gose or the plaintiffs in this suit.

"4. On February 15, 1924, S. W. Gose conveyed his interest in the land in controversy to W. D. Burnett, the vendor's lien notes sued on being a part of the consideration for said deed. That from the time the residence in controversy was built up to the time of his death S. W. Gose claimed no interest in the

house and recognized the interest of W. D. Burnett and wife therein, in addition to their undivided one-half interest in the land. I further find that a one-half interest in the land in controversy and the residence above referred to constituted the homestead of W. D. Burnett and wife up to the time of his death; that Mrs. Burnett and some of her children have continued to reside in ' said house and still reside there, and that one-half interest in said land, including the residence, is the homestead of defendant Mrs. Burnett.

"5. I find that it was the intention of S. W. Gose, by the deed above referred to, to convey to W. D. Burnett his (S. W. Gose's) one-half interest in the land in controversy, exclusive of the residence built and paid for by the Burnetts and so occupied and used by them."

"Conclusions of Law.

"I find that the vendor's lien, a foreclosure of which is sought by plaintiffs, extends only to the one-half interest of plaintiffs in the land in controversy and the improvements thereon, other than the residence built and paid for by the Burnetts, and have rendered judgment to that effect, the decree excluding from the foreclosure, and reserving to defendants, said residence."

Plaintiffs assign as error the action of the court in rendering judgment "excluding from the foreclosure, and reserving to defendants, said residence." It is the contention of plaintiffs in error that by the deed S. W. Gose conveyed to W. D. Burnett one-half of all the improvements on the land as well as one-half the land, and that by the reservation in the deed, as well as by the vendor's lien notes executed by Burnett as part of the purchase price, Gose acquired and secured a vendor's lien on one-half of all improvements on the land as well as one-half the land. In other words, that the vendor's lien extends to and covers a one-half interest in "said residence" on the land; that it should be conclusively presumed that all equities existing between Burnett and Gose were then adjusted at the time of the execution of the deed and notes; and that defendants should not have been in this suit permitted to prove that the residence was built upon the land by and at the expense of Burnett, under an agreement with Gose that it should be and remain the property of Burnett, and prior to the purchase by Burnett of the undivided one-half interest of Gose in the land; and that defendant's plea to have the residence so exempted from the vendor's lien should not have been sustained for the following reasons, as contended by appellants: (1) That the defendants were estopped in this suit to claim such equitable relief; (2) that they were not entitled to such equitable relief because they had not offered to do equity, in failing to offer to pay the notes or account for

rents upon the property; (3) that the pleadings and evidence in support of such plea were in contravention of the Statutes of Frauds; (4) and that such pleadings and evidence in support thereof tended to vary and did vary the written obligations of the notes as well as the deed. .

 The assignment of plaintiffs in error cannot be sustained. Independent of the agreements with S. W. Gose that the residence should be and remain the property of the Burnetts, they were in equity entitled to prove their title to the whole of the residence built by them upon the common property; and, since their homestead rights attached to and remained continuously in the residence from the time it was built, they would not be estopped to deny that a one-half undivided interest in the residence was incumbered with a vendor's lien by reason of W. D. Burnett's acceptance of the deed from, and execution of the vendor's lien notes to, S. W. Gose, though the deed contained the usual recital "that the vendor's lien is retained against said above described property and premises and improvements." Any cotenant, by virtue of his title to an undivided interest in the land, has the legal right to place any improvements upon the common property he may desire, not to the injury or detriment of the interest or rights of the other cotenants. He may build and establish his homestead upon the common property, and his ownership of and homestead rights in such improvements will be protected even to the extent of setting aside the ground upon which they are placed, if it can be done without injury or detriment to the interests of his cotenants. His title to such improvements may, and usually does, rest in parol, and is burdened with the presumption of common ownership, but equity permits him to prove it, notwithstanding such proof may be in conflict with the written terms of the deed, under which title is held, reciting that they each own an equal undivided interest in "the land and improvements thereon." This rule has been held applicable, though the tenant making the improvements subsequently executed to his cotenant, whose previous title was an equitable one, a general warranty deed conveying to such cotenant the legal title to one-half interest in the land and improvements, in the case of Wentworth v. Wentworth, 142 S. W. 141, 144, a writ of error being denied by the Supreme Court, and in which the Court of Civil Appeals held:

"We cannot agree with the contention of appellant that the general warranty deed from Edward Wentworth to Wm. Wentworth lost to Edward Wentworth the improvements on his portion. The deed was intended to be, and was nothing more than, an effort, without any additional consideration, to put the legal title in his brother, Wm. Wentworth,

888

to an undivided interest in the whole estate at the death of their mother, prior to which time the legal title was not in William Wentworth to any portion. It was not intended to convey any rights of Edward Wentworth, but was the proper thing for him to do, to fix the legal right of his brother with himself in all the property. Because Edward Wentworth did the proper thing by making this conveyance, doing just what he would under the law be compelled to do, we cannot see how he 'lost his right to a preference to that part of the land upon which said improvements are situated.'

"Besides, Edward Wentworth was occupying the improved portion with his brother's consent as his homestead which under the rule declared in Lewis v. Sellick, 69 Tex. 379, 7 S. W. 673, gave him a preference thereto in partition."

Plaintiffs contend that the rule is only applicable in partition suits, and that it cannot be applied in this suit, it not being a partition suit between cotenants. As between cotenants, it would be an unusual occurrence for the facts to arise invoking the rule except in partition suits. But it is applied in those cases, not partition suits, permitting a stranger to the title to the land to make proof of and retain title to improvements, such as a house, which he has built upon land of another with the landowner's consent. Williamson v. Pye (Tex. Civ. App.) 18 S.W.(2d) 707. In such cases the builder retains his title by virtue of the landowner's having consented for him to place the improvements upon the land; and in the case of cotenants the builder retains his title by virtue of the law which gives him the right to place the improvements upon the land. In each of such class of cases proof of the title of the builder may, and often does, rest wholly in parol, but equity permits it to be proven, and we see no reason why the application of the rule should be restricted in the one class of cases more than in the other. Plaintiffs' plea of estoppel is not applicable in this case, particularly so, for the reason that the residence was the homestead of W. D. Burnett and wife at the time he purchased the undivided one-half interest of S. W. Gose in the land, and has continuously since remained homestead; and Mrs. Burnett has not joined in or separately acknowledged any instrument purporting to convey it or any interest therein, and is not shown to have committed any act of positive fraud. Grissom v. Anderson (Tex. Civ. App.) 48 S.W.(2d) 809.

Plaintiffs have other assignments not discussed, each of which we have considered, but respectfully overruled.

The judgment of the trial court is affirmed.